## Bohn v. Sams.

Feb. 22, 1946.

Terrell & Shultzman for appellant.

Wheeler & Shelbourne for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES— Affirming.

A truck owned and driven by J. C. Sams collided with a truck driven by F. R. Bohn. Sams was seriously injured, and his truck was damaged. He brought an action aganist Bohn to recover $15,000, and on the trial of the case the jury returned a verdict for $5,500 in favor of the plaintiff. The defendant has appealed.

Appellant argues that his motion for a directed verdict in his favor should have been sustained, since the evidence was not sufficient to take the case to the jury, and that an instruction which told the jury it was appellant's duty to keep a lookout ahead when meeting appellee's truck was erroneous because there was no evidence that he violated this duty.

The collision ocurred about 11 a. m. on June 12, 1944, at a point two miles north of Fulton, Kentucky, on U. S. Highway No. 51, which is a two lane concrete highway 18 ft. wide. The highway, marked in the center by a black line, is level and straight for a distance of nearly a mile north and south of the point of collision. Bohn was traveling north in a 1½ ton truck loaded with empty milk cans, and Sams was traveling south in a ½ ton pickup truck. Sams' left arm protruded out the window about two inches while resting on the sill of the door window, and was caught between the door and the rear two standards of Bohn's truck when the two trucks "sideswiped." The left front fender and left runningboard of Sams' truck were damaged, and the handle of the left door of his truck was knocked off. Only the left rear end of the Bohn truck came in contact with the Sams truck. Sams testified that he was keeping a lookout ahead, and felt that he was 2 or 2½ ft. from the black line. On cross-examination he testified as follows:

"Q. Did you see his truck approaching you? A. Yes sir.

"Q. At that time his truck was on his side of the highway, is that right? A. Yes sir.

"Q. As far as you could see it, it was still on his side of the road, wasn't it, Mr. Sams? A. I took my eyes off his truck when I got about as far as to the stove and was watching the road in front of me.

"Q. How far would you estimate that to be in feet from here to the stove, Mr. Sams? A. 35 or 40 feet.

"Q. For 35 or 40 feet immediately before you drove up to his truck, you were not looking at his truck, but looking ahead where you were going? A. Yes.

"Q. You were watching the road in front of you? A. Yes sir.

"Q. And you continued to watch the road in front of you until the collision occurred, did you not Mr. Sams? A. Yes."

It is argued that this testimony shows that Sams was not keeping a lookout for vehicles on the highway, and that he was guilty of contributory negligence as a matter of law. Sams did what a careful driver should do under such circumstances. After observing the approach of another automobile he watched the road in order to see that his automobile did not cross the center line. The driver of an automobile has the right to assume that an approaching vehicle will keep on its side of the highway. Sams also testified that he stopped his truck on his side of the highway about 40 or 50 ft. south of the point of collision, and that appellant stopped his truck about the same distance north of the point of collision. Sams got out of his truck and walked up the road and met appellant. He saw on the highway at the point of collision mud and dust which had dropped from his truck. The tracks made by the tires of his truck were discernible on the highway, and the mud which had dropped from his truck was at least 2 ft. from the center line. He described the location of the mud on the highway as follows: "On my right hand side. It scooted my wheels about 6 inches and it was scattered about 6 feet 'long about the distance of the truck."

Sams testified as follows concerning a statement he claimed appellant made immediately after the accident: "I asked him if his truck was hurt and he said, 'No, the back dual tire was blown out' and he said, unconsciously something told him to swerve the front end of his truck out to the right when he got even with me and that caused the back end to come into me."

Appellee's 13 year old son, Donald Sams, who was with his father in the truck, testified that appellant made the same statement to him.

Appellant insists that appellee's testimony concerning the mud and tracks on the highway was incompetent, and should have been excluded. He cites Union Underwear Co. v. Barnett, 285 Ky. 488, 148 S. W. 2d 339, Wolfinbarger v. Stanton, 220 Ky. 451, 295 S. W. 467, D. G. Hayes Wholesale Grocery Co. v. Fortney's Adm'r, 277 Ky. 441, 126 S. W. 2d 864, and Appalachian Stave Co. v. Pickard, 260 Ky. 720, 86 S. W. 2d 685. Without analyzing these cases and setting out the evidence, it is sufficient to say that in all of them a considerable period of time had elapsed after the accident before the witness observed the tracks concerning which he testified, and there was no way to determine that the tracks had been made by a vehicle involved in the collision. Here the observation was made immediately after the accident before another automobile had passed and while the conditions remained the same. The testimony was competent. Bybee Bros., Inc. v. Imes, 288 Ky. 1, 155 S. W. 2d 492. Appellant testified that he saw appellee's truck approaching, and that it was on appellee's right-hand side of the road. He never saw it cross the center line. Appellant was asked whether his truck was on the right side of the center line when he met appellee's truck, and he answered: "I think it was." J. C. Wilbur, who was in the truck with appellant was asked if the Bohn truck was entirely on its side of the road all the time while approaching the Sams truck, and he answered: "I wasn't looking to exactly where the truck was—I was rolling a cigarette, but I know it was on its side just before the collision occurred." We think that the evidence was sufficient to take the case to the jury and to support its verdict. Appellee stated positively that he was watching the road ahead, and that his truck was on the right-hand side of the highway when the collision occurred. The evidence concerning the location of

the mud and tracks on the highway and concerning the statement made by appellant immediately after the accident supports appellee's statement that his truck was traveling to the right of the center line.

The court told the jury in instrucution No. 1 that it was the duty of the defendant, Bohn "to keep a lookout ahead for other vehicles upon the highway; to operate said truck on his right hand side of the highway, whenever possible, and not to pass to his left hand side of the highway unless said left hand side of the highway presented a clear and unobstructed view for a distance of 150 feet ahead, and to exercise ordinary care to so run and operate such truck as not to bring it in colli sion with the truck of the plaintiff, J. C. Sams." Instruction No. 2 placed the same duties on the plaintiff, Sams. It is argued that instruction No. 1 is prejudicially erroneous because it told the jury that it was the duty of the defendant, Bohn, "to keep a lookout ahead for other vehicles upon the highway." The argument is based on the claim that there is no evidence that Bohn violated this duty. We have found that the evidence tending to show that Bohn's truck crossed the center line was sufficient to authorize submission of the case on that issue, and the same evidence warranted the inference that appellant was not maintaining a proper lookout ahead. If the truck crossed to the left side of the center line it must have done so because the driver failed to observe the duty of keeping a lookout ahead. If the instruction had been limited to the single duty of operating the truck on appellant's right-hand side of the highway, it would not have been improper under the circumstances, but the inclusion of the related duty of keeping a lookout ahead could not have misled the jury and was not prejudicially erroneous.

The appellee was seriously and permanently injured, and there is no claim that the verdict is excessive.

The judgment is affirmed.