Joseph GEREBENICS, Appellant,

v.

Peter J. GAILLARD, Appellee.

Court of Appeals of Kentucky.

June 10, 1960.

Rehearing Denied Oct. 7, 1960.

James F. Clay, Danville, for appellant.

James G. Sheehan, Jr., Danville, for appellee.

MOREMEN, Judge.

Appellant, Joseph Gerebenics, received a severe injury to his left elbow when a car driven by him and a car driven by appellee, Peter J. Gaillard, side-swiped. The cars were proceeding in opposite directions and the testimony of the parties differed as to their position on the road when a contact was made at or near the crest of a hill.

Appellant testified:

"Q. Was there anything unusual about the way it was traveling, if so, what was it? A. Yes, sir, it appeared to be flying over the hill and his left front wheels seemed to be on my side of the road.

"Q. At that point tell the jury where your car was with reference to the center line of the highway or to the right edge of the highway? A. I was driving on the right hand side and I would say approximately 1 to 2 feet from the center line towards Danville.

\*    \*    \*    \*    \*    \*

"Q. Now then, the cars collided, didn't they? A. I was side swiped.

"Q. On which side of the center line did that collision take place? A. On the right side in the direction I was going."

Appellee testified:

"Q. Mr. Gaillard, at the time you went over the hill and when you saw the second '57 Plymouth, where was your car with reference to the center line of the highway? A. I would say I was close to the center line but on my right side of it.

"Q. Where was the car that you came in contact with? A. I would say its left wheels were on or very close to the actual line."

The jury returned a verdict under instruction number 4, which reads:

"If you believe from the evidence that both Gerebenics and Gaillard failed to perform one or more of the duties required of each by instruction No. 1 and that the failure of both of them to do so, if you so believe both did so fail, caused the collision or helped to cause

it to such an extent the collision would not otherwise have happened, then in that event you should not find damages for either of them, and state, in that case, in your verdict that it is found under this instruction No. 4."

Appellant has no complaint about that instruction except insofar as by reference it embodies instruction No. 1.

Instruction No. 1 reads:

"It was the duty of each of these drivers, plaintiff, Gerebenics, and defendant, Gaillard, at the time and on the occasion of this accident to operate his car with ordinary care, and that means to keep a lookout ahead for other vehicles on the highway, to drive on his own right side of the center line of the highway in approaching the top of the hill spoken of in testimony, to have his car under reasonable control and not to drive at a greater speed than reasonably prudent, considering the highway at that time and place, to give warning of his approach by sounding the horn of his car and each in passing or undertaking to pass the other's car to pass on his own right side of the center of the highway, and to use ordinary care in driving his own car so as not to come in collision with the car of the other and *it was the duty of Gerebenics not to have his elbow extending beyond the window of his car if in the exercise of ordinary care it was not reasonably safe for his elbow to be in that position.*"

■ Appellant contends that the instruction was erroneous because: (1) The italicized portion of it, as above quoted, had the effect of directing attention to particular facts: and (2) it imposed a duty upon him not justified by law.

The general rule concerning singling out and giving undue prominence to certain facts and issues is stated in Stanley's Instructions to Juries, § 28, as follows:

"It is error to give undue prominence to certain facts and issues. The line of demarcation between a specific instruction and one which violates the rule against undue prominence can not be definitely declared. But where the instructions present to the jury the whole array of facts put in issue by the pleadings, the objection that they single out and bring into undue prominence certain facts is not well taken."

We cannot agree with appellant that the fact proven, that his arm was extended beyond the window, was given undue prominence in this particular case.

It may be noted from the quotation from the evidence that if appellee's version of the accident is taken as true, that appellant's "left wheels were on or very close to the actual line," which meant the center line of the road, then the projection of his elbow would be into hostile territory on the left-hand side of the road. It may be noted that the court charged the duty of keeping one's arm within the carapacic protection of steel only if the exercise of ordinary care required it. In other words, if he was well on the right-hand side of the road and the offending car invaded that territory, it would not matter whether the elbow was within or without the car window because there the proximate and sole cause of the accident would be the negligence of the other car in leaving the proper side of the road.

We are convinced that under the peculiar circumstances of the case, this instruction which also delineated many other duties—such as to keep a lookout ahead, drive on the right side of the center line of the highway at a proper speed, et cetera—gave no undue prominence to this one duty of appellant. The court properly charged him with the duty not only to keep his car on the right-hand side of the road, but also his elbow. Sheetinger v. Dawson, 236 Ky. 571, 33 S.W.2d 609, and Bohn v. Sams, 302 Ky. 63, 193 S.W.2d 459.

In connection with the second assignment of error in the instructions, appellant points out that in Kentucky the mere projection of part of the body beyond a vehicle is not negligence as a matter of law—Bell & Bell v. Rascoe, 250 Ky. 756, 63 S.W.2d 932; Miracle v. Cavins, 254 Ky. 644, 72 S.W.2d 25—and suggests that there is no good reason to believe that it was negligence at all, and relies upon Wilkerson v. Sanderson, 233 Ky. 493, 26 S.W.2d 1, where a plaintiff, who was sitting on the floor of a truck with his feet dangling down, was struck by a passing automobile. The court held that plaintiff was not guilty of contributory negligence as a matter of law. In the course of the opinion the statement is made that no authority had been submitted to sustain the argument that plaintiff was guilty of contributory negligence in thus riding on the truck, but when the whole opinion is read, it is plain that the opinion intended to say that plaintiff was not guilty of contributory negligence as a matter of law which it did say in other parts of the opinion. In that case the court was of opinion that a general instruction giving the duties of the various parties was sufficient and that a special contributory negligence instruction was not necessary. The instructions are not quoted in the opinion, but we assume it was held that those given were sufficient to properly submit the case to the jury.

The later case of Bowling v. Poe, 286 Ky. 267, 150 S.W.2d 897, is apropos to this case. There the court specifically held that in an action for injury to plaintiff's arm, which was inflicted when defendant's truck struck the side of plaintiff's automobile which was parked near the edge of the highway while the truck was passing in the opposite direction at night—the question of whether plaintiff was guilty of contributory negligence in placing his arm on the window of the automobile was for the jury.

Finally appellant contends that the position of appellant's arm was not the proximate cause of his injury. To constitute proximate cause, an act must be such that it induced the accident and without which the accident would not have occurred. Mahan v. Able, Ky., 251 S.W.2d 994. We pointed out above that if appellee's testimony is accepted as being true, which the jury had a right to do, the extension of appellant's arm across the center line of the road was the act which did precipitate his injury.

We believe the case was fairly tried and the judgment is therefore affirmed.

PALMORE, STEWART and BIRD, JJ., dissent.

PALMORE, Judge (dissenting).

Had appellant's elbow and appellee's car been the only two objects that came into contact there would have been a logical basis for an instruction to the effect that it was appellant's duty to keep both his car and his person to the right side, and to exercise ordinary care in driving the car so that neither the car nor his person would collide with appellee's vehicle. But since the automobiles themselves came into contact, the position of the elbow could have been neither a proximate nor contributing cause of the accident and should not have been mentioned in the instructions. For this reason Judge STEWART, Judge BIRD and I respectfully dissent from the majority opinion.