ESTATE OF William Michael WHEEL-ER and Brenda Wheeler, Administratrix, Appellants,

v.

VEAL REALTORS and Auctioneers, Inc. and Willmot Preston Veal, Appellees.

and

Jessamine County Fire Department, Appellant,

v.

Veal Realtors and Auctioneers, Inc. and Willmot Preston Veal, Appellees.

Nos. 1998–CA–000887–MR, 1998–CA–000907–MR.

Court of Appeals of Kentucky.

July 30, 1999.

Charles C. Adams, Jr., Lexington, for Appellant, Brenda Wheeler.

Roberta Kiser, Lexington, for Appellant, Jessamine County Fire Dept..

R. Craig Reinhardt, Lexington, for Appellees.

Before: BUCKINGHAM, HUDDLESTON, AND KNOPF, JUDGES.

*OPINION*

BUCKINGHAM, Judge.

The Estate of William Michael Wheeler, Brenda Wheeler, administratrix, appeals from a summary judgment entered by the Jessamine Circuit Court in favor of Veal Realtors and Auctioneers, Inc., and Willmot Preston Veal (hereinafter referred to collectively as Veal). We affirm.

On January 2, 1993, Wheeler died in an accident on Kentucky Highway 1981 (East Hickman Road). Wheeler, who was the chief of the Jessamine County Fire Department, was driving a fire department water truck when he apparently lost control of the truck and collided with a tree located near the roadway. Wheeler's estate filed suit against Veal, on whose property the tree was located. Veal had been ordered by the Kentucky Department of Highways to remove the tree prior to Wheeler's accident as part of the Department's review of Veal's application for an encroachment permit to construct a driveway providing ingress and egress onto East Hickman Road.

Veal moved for summary judgment on the ground that its failure to remove the tree was not the proximate cause of Wheeler's injuries or death. The trial court granted Veal's motion, and this appeal by Wheeler's estate followed.[1] The sole issue in this appeal is whether the trial court erred in granting Veal's summary judgment motion.

When a trial court grants summary judgment, the question before an appellate court "is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, Ky.App., 916 S.W.2d 779, 781 (1996). The trial court's resolution of the issue is not entitled to any deference, since factual findings are not in issue. *Id.* As the parties do not dispute the relevant facts in this case, the question to be resolved is whether it would be impossible for Wheeler's estate to prove at trial that the tree owned by Veal was the proximate cause of Wheeler's accident.

Kentucky Revised Statute (KRS) 177.106 governs encroachment permits such as the one sought by Veal. The parties do not dispute for the purposes of this appeal that Veal's failure to cut down the tree in question constituted a failure to comply with the requirements set forth by the Department of Highways when Veal sought its encroachment permit. Therefore, it appears that Veal violated its statutory duties under KRS 177.106.

"Failure to comply with the terms of a statute is negligence *per se.* However, in an action for damages, the violation of the statute must be the proximate cause of the injury to permit recovery." *Peak v. Barlow Homes, Inc.*, Ky. App., 765 S.W.2d 577, 578 (1989). It has been held that "[t]o constitute proximate cause, an act must be such that it induced the accident and without which the accident would not have occurred." *Gerebenics v. Gaillard*, Ky., 338 S.W.2d 216, 219 (1960). Proximate cause has also been found to be "that which, in a natural and

continual sequence, unbroken by any new, independent cause produces the injury, and without which the injury would not have occurred." *Newton v. Wetherby's Adm'x,* 287 Ky. 400, 403, 153 S.W.2d 947 (1941). "When the original negligence is remote and only furnishes the occasion of the injury, it is not the proximate cause thereof." *Peak, supra* at 579.

Wheeler's estate first argues that the case sub judice is distinguishable from *Peak, supra.* In *Peak,* a passenger in a pickup truck was killed when the truck was hit by another truck attempting to turn off a highway into a service entrance owned by Barlow Homes, Inc. Suit was brought by the deceased passenger's estate against Barlow Homes because it did not have a statutorily required permit allowing it to maintain the service entrance. This court affirmed the trial court's summary judgment in favor of Barlow Homes, finding that the violation of the statute was "a condition too remote to be a proximate cause of Peak's death." *Id.* at 579.

Wheeler argues that *Peak* is distinguishable from this case because the service entrance in *Peak,* unlike the tree owned by Veal, was not "physically part of the collision and injury, but [was] merely the location where the injury occurred." The distinction between the facts in *Peak* and the case sub judice are not legally significant, as the statutory violations in both instances were "remote and only furnishe[d] the occasion of the injur[ies]" but were not the proximate causes of the injuries. *Id.* at 579. In both cases, the accidents were directly attributable to other negligent acts and were not proximately caused by the statutory violations. In other words, the failure to remove the tree did not cause Wheeler's accident, as it would have occurred absent Veal's statutory violation. *Gerebenics, supra; Newton, supra.*

Finally, Wheeler's estate's claim should fail because KRS 177.106 was not intended to prevent accidents such as Wheeler's. "It is generally recognized that the harm occasioned incident to viola-tion of a statute must be that type of harm which the statute was intended to prevent before its violation becomes actionable negligence." *Wagers v. Frantz,* Ky., 445 S.W.2d 453, 456 (1969). *See also Blue Grass Restaurant Co. v. Franklin,* Ky., 424 S.W.2d 594, 597 (1968). The district permits engineer for the Department of Highways testified that the main reason the Department required Veal to remove the tree in question was to increase the sight distance for vehicles entering or exiting the driveway and not to increase the safety of vehicles traveling on East Hickman Road.

As the trial court properly granted summary judgment in favor of Veal, the judgment of the Jessamine Circuit Court is affirmed.[2]

All concur.

---

2. The Jessamine County Fire Department's appeal is moot.