**THE HARRISON MEMORIAL HOSPITAL, INC. d/b/a Harrison Memorial Hospital, Appellant**

v.

**WELLCARE HEALTH INSURANCE COMPANY OF KENTUCKY, INC. d/b/a Wellcare of Kentucky, Appellee**

**NO. 2015-CA-000024-MR**

Court of Appeals of Kentucky.

AUGUST 5, 2016

Discretionary Review Denied by Supreme Court February 9, 2017.

BRIEFS FOR APPELLANT: Wesley R. Butler, Jeffery T. Barnett, Benjamin M. Fiechter, Lexington, Kentucky

BRIEF FOR APPELLEE: Michael P. Abate, Anthony M. Zelli, Louisville, Kentucky

BEFORE: COMBS, J. LAMBERT, AND THOMPSON, JUDGES.

## OPINION

J. LAMBERT, JUDGE:

The Harrison Memorial Hospital, Inc. d/b/a Harrison Memorial Hospital (Harrison Memorial) has appealed from the order of the Franklin Circuit Court granting summary judgment to WellCare Health Insurance Company of Kentucky, Inc. d/b/a WellCare of Kentucky (WellCare) and dismissing its petition seeking a declaratory judgment regarding the interpretation of Kentucky Revised Statutes (KRS) 205.6310. Finding no error, we affirm.

Harrison Memorial, the plaintiff below, is a not-for-profit Kentucky corporation in Cynthiana, Kentucky, and is licensed as an acute care hospital. This hospital is certified to participate in the Kentucky Medical Assistance Program (Medicaid) and provides hospital services to Medicaid patients. In order to do so, Harrison Memorial must be compliant with the federal Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd (EMTALA), and its associated regulations. Under EMTALA, when a person presents to its emergency room, Harrison Memorial is required to determine whether a medical emergency condition exists.

> In the case of a hospital that has a hospital emergency department, if any individual (whether or not eligible for benefits under this subchapter) comes to the emergency department and a request is made on the individual's behalf for examination or treatment for a medical condition, the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department, including ancillary services routinely available to the emergency department, to determine whether or not an emergency medical condition (within the meaning of subsection (e)(1) of this section) exists.

42 U.S.C. § 1395dd(a).

WellCare, the defendant below, is a for-profit Kentucky corporation with a principal place of business in Louisville. It is a Medicaid managed care organization and performs Medicaid managed care services. These services include receiving, adjudicating, and reimbursing health care claims submitted by health care providers for services rendered to Medicaid patients enrolled in its care plan, including emergency

services claims. Harrison Memorial is one of the health care providers that submits such claims to WellCare for reimbursement. Once it receives a claim for emergency services, WellCare reviews the claim to determine whether it meets the criteria for payment. WellCare has denied emergency services claims submitted by Harrison Memorial, or paid only a $50.00 fee, for services provided to WellCare members under the age of six years old or for ancillary health care items or services provided to determine whether a medical emergency exists.

On August 1, 2014, Harrison Memorial filed a complaint against WellCare, seeking a declaratory judgment as to whether WellCare violated KRS 205.6310 by refusing to make its emergency services utilization criteria publicly available, denying reimbursement for ancillary services to determine whether a medical emergency exists, and denying reimbursement for emergency services for children under the age of six. Harrison Memorial asked the court to prohibit WellCare from applying criteria to deny claims for reimbursement related to the above services and to require WellCare to make its criteria publicly available, all pursuant to KRS 205.6310. Harrison Memorial did not seek monetary damages, but did request that it be awarded its costs and expenses, including attorney fees.

In lieu of filing an answer, WellCare filed a motion to dismiss Harrison Memorial's complaint or for summary judgment. WellCare argued that Harrison Memorial did not have a cause of action against it under KRS 205.6310 or any other statute. It further argued that even if it did have a cause of action, it could not state a claim under KRS 205.6310 because that statute only required the Cabinet to promulgate regulations. Lastly, WellCare argued that Harrison Memorial failed to comply with its contract with WellCare and exhaust its administrative remedies and then pursue binding arbitration. To its memorandum, WellCare attached copies of the Participating Provider Agreement with Harrison Memorial entered into in February 2012 as well as WellCare's Kentucky Medicaid Provider Manual.

Harrison Memorial filed a response in opposition to WellCare's motion and filed its own cross-motion for summary judgment seeking the relief it requested in its complaint. Harrison Memorial cited to KRS 446.070 as a basis for its right to file the complaint and seek a declaratory judgment. In its response to Harrison Memorial's motion, WellCare disputed the premise of Harrison Memorial's motion that a court has the power to adjudicate any dispute about the meaning of a statute; rather, a court may only declare a party's rights under a statute if it otherwise had the authority to hear claims arising under it. Here, KRS 205.6310 did not provide Harrison Memorial with a private right of action to sue WellCare; it merely directed the Cabinet to promulgate regulations. In its reply, Harrison Memorial pointed to the financial benefit to WellCare in ignoring the provision of KRS 205.6310 and EMTALA in managing emergency room claims.

After holding oral arguments on the parties' motions, the circuit court entered an order granting WellCare's motion for summary judgment, denying Harrison Memorial's cross-motion for summary judgment, and dismissing the case. The court specifically stated that Harrison Memorial retained the right to seek administrative review, arbitration, or other relief to which it might be entitled to under its contract with WellCare. This appeal now follows.

Because the circuit court treated WellCare's motion as a motion for summary judgment, our applicable standard of review is as follows: "The standard of review

on appeal when a trial court grants a motion for summary judgment is 'whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law.'" *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky.App.2001), citing *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky.App.1996); *Palmer v. International Ass'n of Machinists & Aerospace Workers*, 882 S.W.2d 117, 120 (Ky. 1994); Kentucky Rules of Civil Procedure (CR) 56.03. "Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*." *Lewis*, 56 S.W.3d at 436, citing *Scifres*, 916 S.W.2d at 781; *Estate of Wheeler v. Veal Realtors and Auctioneers, Inc.*, 997 S.W.2d 497, 498 (Ky. App.1999); *Morton v. Bank of the Bluegrass and Trust Co.*, 18 S.W.3d 353, 358 (Ky.App.1999). There are no disputed facts to be decided, as this case presents only questions of law.

We shall first set forth the pertinent statute in this case. KRS 205.6310 is entitled "Cabinet to establish system to reduce unnecessary hospital emergency room utilization and costs" and provides as follows:

> The Cabinet for Health and Family Services shall establish a system within the Medical Assistance Program to reduce unnecessary hospital emergency room utilization and costs by redefining and controlling hospital emergency utilization. The cabinet shall establish by promulgation of administrative regulations, pursuant to KRS Chapter 13A, the following:
>
> (1) Criteria and procedures, at least annually updated, that differentiate children and adults, and which conform to the Federal Emergency Medical Treatment and Active Labor Act (42 U.S.C. sec. 1395dd), as amended, and any other applicable federal law or regulation for determining if a medical emergency exists;
>
> (2) Reimbursement rates that provide for nominal reimbursement of emergency room care for care that does not meet the criteria established for a medical emergency;
>
> (3) Reimbursement, at rates determined by the cabinet, for ancillary services which, based upon the symptoms of the patient, are medically appropriate to determine if a medical emergency exists;
>
> (4) Except for emergency room services rendered to children under the age of six (6), prohibition of reimbursement at hospital emergency room rates for diagnosis and treatment for a condition that does not meet the criteria established for a medical emergency; and
>
> (5) The provisions of this section shall apply to any managed care program for Medicaid recipients.
>
> The cabinet or its designated peer review organization shall review all claims for payment of nonemergency hospital care and deny payment for any ancillary services determined as not medically appropriate.

■■■ We have carefully reviewed the parties' well-written briefs and the circuit court's judgment, and we hold that the circuit court properly entered summary judgment in favor of WellCare. Because the circuit court's judgment provides a proper statement of the law and decided the issues before it correctly, we shall adopt it, in relevant part, as our own. In doing so, we specifically reject the arguments Harrison Memorial made in its appellate briefs.

### BACKGROUND

Plaintiff, Harrison Memorial Hospital ([Harrison Memorial]), is a non-profit

hospital located in Cynthiana, Kentucky. [Harrison Memorial] provides services to Kentucky Medicaid patients. Defendant, WellCare ( [WellCare] ), is a Medicaid Managed Care Organization (MCO) that entered into a contract ... with the state to manage care for Kentucky Medicaid beneficiaries that enroll in [WellCare]'s healthplan. When Kentucky transitioned into statewide Medicaid managed care, [Harrison Memorial] agreed to provide service items and services to [WellCare]'s Medicaid members.

After the implementation of Medicaid managed care, [WellCare] denied a number of Emergency Room (ER) claims submitted by [Harrison Memorial]. Most of the denied claims fall under two (2) categories: (1) for those patients under six (6), and (2) those for ancillary services when an ER claim is denied. Based on these denied claims, [Harrison Memorial] alleges that [WellCare] is not properly paying [Harrison Memorial] for claims for ER services. Additionally, [Harrison Memorial] alleges that [WellCare]'s failure to properly pay these claims violates both state (KRS 205.6310) and federal (EMTALA) law.

KRS 205.6310 is a Kentucky statute that was enacted by the Kentucky General Assembly in an attempt to control unnecessary ER costs. The statute expressly references a federal law, the Federal Emergency Medical Treatment and Active Labor Act (EMTALA), and requires the Kentucky Cabinet for Health and Family Services (CHFS) to promulgate administrative regulations that conform with EMTALA. EMTALA requires hospitals to provide an appropriate medical screening examination (MSE) to any individual who comes to the ER and presents a medical condition. The Kentucky CHFS has not promulgated any regulations under KRS 205.6310.

[Harrison Memorial] and [WellCare] entered into a contract called a Participating Provider Agreement on February 15, 2012. The Provider Agreement expressly limits payments for emergency services. Specifically, the Provider Agreement limits emergency services to "covered inpatient and outpatient services furnished by a qualified provider that are needed to evaluate or stabilize an emergency medical condition that is found to exist using a Prudent Lay Person (PLP) standard."

[WellCare]'s Provider Manual covers the criteria [WellCare] will consider when processing claims for ER services. [WellCare]'s Provider Manual also sets forth its two-tier methodology of adjudicating and paying emergency claims: (1) first, [WellCare] makes its initial payment determination; (2) upon receipt of a claim from a hospital for ER services, [WellCare]'s claim payment system adjudicates the claim based upon what it alleges to be a highly proprietary algorithm based upon a number of criteria, including: age; time of day patient presented for services; severity and nature of presenting symptoms; patients initial and final diagnosis; and any other criteria prescribed by the Cabinet.

When the claim as billed meets the requirements, [WellCare] states that it pays for the services as satisfying the PLP standard. If a claim does not result in an initial full payment, [WellCare] generally pays a nonemergency triage rate of $50.00 and informs the provider it may submit the records for further review. When a provider takes the option to submit records, according to [WellCare] it then undertakes a manual review of the additional records and determines whether the services satisfy the PLP standard based on a multiplicity of factors that it does not disclose.

If the hospital disagrees with the medical record review determination, the hospital can appeal the decision pursuant to [WellCare]'s statutorily and contractually mandated appeals process. The Provider Agreement Contract between [Harrison Memorial] and [WellCare] states that providers like [Harrison Memorial] must exhaust all administrative remedies before seeking any other remedy. The Provider Manual also contains an arbitration clause, requiring all claims and disputes between the Health Plan and a Provider that are related to the Provider Agreement to be submitted to arbitration within one year of the act/omission giving rise to the disputed claim.

## BACKGROUND

Plaintiff, [Harrison Memorial] alleges that [WellCare] is not properly reimbursing [Harrison Memorial] for ER services provided to Medicaid patients. [Harrison Memorial] alleges that this failure violates KRS 205.6310 and EMTALA. [Harrison Memorial] seeks a declaration of rights that: (1) KRS 205.6310(1) requires [WellCare] to make publically [sic] available its ER claim criteria; (2) KRS 205.6310(4) prohibits [WellCare] from using an ER claim criteria for ER services rendered to children under the age of six (6) years old; and that (3) KRS 205.6310(3) requires [WellCare] to reimburse for ancillary services unless there is a specific finding from a qualified health professional that the ancillary services were not necessary to determine if a medical emergency exists.

[Harrison Memorial] argues that [a] declaratory judgment may be requested when it appears an actual controversy exists. [Harrison Memorial] further argues that its request for declaratory relief is beyond the scope of the arbitration provision included in its contract with [WellCare], which it asserts only requires matters of financial dispute to be arbitrated. Since [WellCare] is not seeking financial relief, it argues that arbitration would be inappropriate to resolve this dispute. [Harrison Memorial] also argues it is not required to exhaust administrative remedies because in this case to do so would be futile. Even if [Harrison Memorial] were to exhaust administrative remedies, it argues that any decision reached by an arbitrator would be reviewed by the courts de novo.

Defendant, [WellCare], asserts that [Harrison Memorial] has no cause of action under KRS 205.6310 or any other statute to sue [WellCare]. As a result, [WellCare] argues [Harrison Memorial] cannot obtain any relief, even a declaratory judgment, from this court. Even if [Harrison Memorial] had a cause of action, [WellCare] argues it cannot state a claim because KRS 205.6310 merely requires the CHFS to promulgate regulations. [WellCare] further argues the statute does not require managed care organizations to disclose their proprietary claims processing algorithms. Additionally, [WellCare] asserts that [Harrison Memorial] has failed to comply with its agreement with [WellCare], which obligates [Harrison Memorial] to exhaust any disputes in an internal administrative appeals process, and then, if still aggrieved, to pursue binding arbitration. [WellCare] asks this court to dismiss [Harrison Memorial]'s complaint under CR 12.02(a) (lack of jurisdiction over the subject matter) and CR 12.02(f) (failure to state a claim upon which relief can be granted.

[Standard of review section omitted.]

## DISCUSSION

This Court finds that summary judgment should be granted in favor of [WellCare] because [Harrison Memorial] has no cause of action under state or federal law. The state statute relied upon by [Harrison Memorial] requires the Cabinet (CHFS) to promulgate regulations to govern the policy dispute at issue here, but it does not prescribe Medicaid reimbursement policy for ER visits in a manner that gives rise to a private right of action. Accordingly, [WellCare] is entitled to a judgment as a matter of law. KRS 205.6310 only directs the Cabinet (CHFS) to promulgate regulations and in the absence of any regulations no rights are conferred on providers like [Harrison Memorial], and no private right of action exists.

Respondent, [WellCare], correctly points out that KRS 205.6310 is a statute whose purpose is to reduce and manage the cost of providing ER services for Medicaid patients. KRS 205.6310 is not a statute directed at MCOs like [WellCare], and places no obligations on them. The statute only requires the Cabinet (CHFS) to promulgate regulations, which the Cabinet has not done. Neither KRS 205.6310, nor EMTALA provide [sic] a private right of action against Medicaid MCOs, and the Kentucky General Assembly has declined to pass a law creating one.

The primary legal basis for [Harrison Memorial]'s claim is the assertion that it has a right to sue to enforce the state Medicaid reimbursement statute's policy provisions under KRS 446.070. The Kentucky Supreme Court, however, has construed this "private right of action" statute narrowly, holding that it was enacted merely "to codify common law negligence per se." *St. Luke Hospital v. Straub*, 354 S.W.3d 529, 534 (Ky.2011). Here, the question of Medicaid reimbursement policy for ER visits is far more involved, complex, and subject to policy interpretation than a simple question of negligence *per se* arising out of a violation of [a] statute. Moreover, the *St. Luke* court re-iterated that KRS 446.070 does not give rise to a private right of action for violation of a federal statute, thus eliminating EMTALA as a basis for this suit in state court: "Violations of federal laws and regulations and the laws of other states do not create a cause of action based on KRS 446.070." *Id.* See also *T & M Jewelry, Inc. v. Hicks ex rel Hicks*, 189 S.W.3d 526 (Ky. 2006).

Courts are not well equipped to resolve these kinds of public policy disputes. It is up to the legislature (by enacting statutes) and the executive branch (by adopting administrative regulations consistent with those statutes) to set forth the parameters of Medicaid reimbursement policy for ER visits. While the Cabinet appears to have failed in its duty under KRS 205.6310 to promulgate administrative regulations on this subject, the Court cannot step in and fill this void. Given the absence of any applicable regulations, it appears that [Harrison Memorial] has no cause of action under state or federal law to sue an MCO like [WellCare]. Therefore, the Court finds that summary judgment should be granted in favor of [WellCare], and [Harrison Memorial]'s complaint should be dismissed.

For the foregoing reasons, the summary judgment of the Franklin Circuit Court dismissing Harrison Memorial's complaint is affirmed.

COMBS, JUDGE, CONCURS.

THOMPSON, JUDGE, CONCURS IN RESULT ONLY.