**James M. CHEN, Appellant**

v.

**Eric LOWE, Appellee**

NO. 2015-CA-001065-MR

Court of Appeals of Kentucky.

MAY 19, 2017; 10:00 A.M.

BRIEF FOR APPELLANT: Joseph A. Bilby, Louisville, Kentucky.

BRIEF FOR APPELLEE: Andrew Thomas Lay, Louisville, Kentucky.

BEFORE: KRAMER, CHIEF JUDGE; COMBS AND JONES, JUDGES.

## OPINION AND ORDER [1]

JONES, JUDGE:

Appellant, James M. Chen, brings this appeal challenging the Franklin Circuit Court's order denying his motion to dismiss. Appellee, Eric Lowe, moves this court to dismiss Chen's appeal as interlocutory. A review of the record shows that the appeal is interlocutory and must be dismissed.

### I. BACKGROUND

James Chen ("Dean Chen") was the dean of the University of Louisville's Brandeis School of Law (the "University") from 2007 to 2010. During Dean Chen's tenure, Eric Lowe ("Eric") was a student at the University. In September of 2010, Eric received notice from the University's Honor Council Committee that he was being accused of writing a term paper for another student, Dr. Christopher Grande ("Dr. Grande"), which is in violation of the University's Honor Code. Following appointment of a special prosecutor, Professor Sam Marcosson, and various forms of discovery, the Honor Council Committee held a formal hearing on October 10, 2010. The Honor Council tendered its official recommendation to Dean Chen by letter dated November 2, 2010. In the letter, the Council stated that Professor Marcosson had not presented evidence sufficient to support a finding by a preponderance of the evidence that an Honor Code violation had occurred. As such, the Council recommended no formal punishment.

Rather than reviewing the Honor Council's recommendation and findings to make his final ruling, as is the protocol stated in the University's Student Handbook, Dean

---

1. When final disposition of an appeal is made by an "Opinion and Order," as in this case, the party adversely affected may move for reconsideration as provided by Kentucky Rules of Civil Procedure (CR) 76.38(2) within ten days of entry, but a petition for rehearing is unauthorized. CR 76.32(1).

Chen chose to conduct his own investigation on the matter. On December 7, 2010, Dean Chen issued a 26-page memorandum in which he detailed the fruits of his independent investigation and ultimately came to the conclusion that both Eric and Dr. Grande had violated the Honor Code. Additionally, the memorandum notified the Honor Council that Dean Chen's investigation had uncovered evidence of further wrongdoing by Eric and Dr. Grande, and instructed the Council to initiate proceedings to determine if there was reasonable cause to believe that the students had committed other Honor Code violations. Dean Chen issued sanctions against both Eric and Dr. Grande, and ordered them to show cause as to why they should not be dismissed from the University. On December 22, 2010, Eric and Dr. Grande filed suit in Jefferson Circuit Court, seeking judicial review of Dean Chen's decision.

Eric submitted a letter, dated January 5, 2011, to Dean Chen, pleading his case as to why he should not be dismissed from the University. Eric and Dean Chen met privately, per Eric's request, on January 10, 2011. During this meeting, Eric admitted to the extent of his involvement with Dr. Grande, which included Honor Code violations that he had not yet been charged with. Later that same day, Dean Chen went to the Honor Council and testified as to the information he had learned during his meeting with Eric. Based on the new information, the Honor Council again notified Eric that he was being investigated for Honor Code violations. Concerned about the new investigation against him, Eric requested another meeting with Dean Chen. According to Eric, during this meeting, Dean Chen assured him that, because Eric had come to him and admitted his guilt of his own volition, he would be of-

fered a settlement agreement. Dean Chen further assured Eric that if he entered into the settlement agreement and dropped his suit against the University, he would be able to graduate from the University. Based on these assurances, Eric dismissed his case against the University. On February 22, 2011, Eric and Special Counsel for the second Honor Council investigation, Professor Kurt Metzmeir, submitted a Joint Motion to Approve Settlement Agreement to the Honor Council. The settlement agreement recommended that Eric be suspended until the beginning of the spring semester 2012.

On March 12, 2011, the Honor Council held a formal hearing regarding the newly-discovered Honor Code violations. Approximately two weeks later, the Honor Council submitted its recommendation to Dean Chen, in which it recommended that Eric be dismissed from the University. Despite his previous assurance to Eric, Dean Chen officially adopted the Honor Council's recommendation and expelled Eric from the University on March 30, 2011. Eric appealed this decision to the University's Grievance Committee, which recommended to the Provost that Dean Chen's decision to expel Eric be affirmed. The Provost affirmed Dean Chen's decision on June 29, 2012; however, Professor Metzmeir assured Eric that he could petition the Board of Trustees for readmission to the University after three years. Eric petitioned for re-admission to the University, but this petition was denied without explanation on March 20, 2014. Eric then filed a complaint in the Franklin Circuit Court, in which he sought judicial review of the denial of his readmission and alleged damages for breach of contract, unjust enrichment, fraud, and misrepresentation. He named the University[2] and Dean Chen, both in

**2.** The circuit court found that all of Eric's claims against the University for money damages were barred by sovereign immunity. Additionally, Eric's claim for judicial review of

his individual and official capacities, as defendants.

Dean Chen moved to dismiss Eric's claims against him under CR 12.02 on May 30, 2014. In support of his motion, Dean Chen argued that he was not a party to the settlement agreement, and accordingly has no contract liability to Eric, and that Eric's claims against him are barred by official and qualified official immunity. Dean Chen additionally argued that, as he is no longer Dean of the University, he no longer has any authority to act on the promises he allegedly made to Eric. For purposes of his motion to dismiss, Dean Chen accepted all of Eric's allegations against him as true.

By order dated June 15, 2015, the court denied Dean Chen's motion to dismiss in his individual capacity, finding that genuine issues of material fact remained "as to whether [Dean] Chen acted outside the scope of his authority as Dean by conducting his own investigation of [Eric's] conduct, by circumventing the procedures set forth in the student handbook, and by rejecting the proposed settlement agreement he had helped induce ..." and, as such, "issues of material fact regarding Dean Chen's entitlement to [qualified] immunity." Dean Chen appealed the denial of his motion to dismiss to this Court. Eric responded by moving to dismiss Dean Chen's appeal as interlocutory. Eric's motion was ordered passed to this merits panel, so that the parties' arguments could be considered in light of a more developed record.

## II. ANALYSIS

■ It is a well-settled principle that an order denying a dispositive motion is interlocutory and therefore generally not appealable. *Gooden v. Gresham*, 6 Ky.Op. 560 (Ky. 1873); *Parton v. Robinson*, 574 S.W.2d 679, 684 (Ky. App. 1978); *Druen v. Miller*, 357 S.W.3d 547, 549 (Ky. App. 2011). "The Court of Appeals has jurisdiction to review interlocutory orders of the Circuit Court in civil cases, but only as authorized by rules promulgated by the Supreme Court." KRS [3] 22A.020(2). One such instance in which we have jurisdiction to consider an interlocutory order is "an order denying a substantial claim of absolute immunity ... even in the absence of a final judgment." *Breathitt Cty. Bd. of Educ. v. Prater*, 292 S.W.3d 883, 887 (Ky. 2009). Therefore, if we were to determine that the circuit court actually denied Dean Chen's claim of immunity, we would have jurisdiction to hear his appeal. It is under this theory that Dean Chen has brought this appeal.

In denying Dean Chen's motion to dismiss, however, the circuit court did not make a final ruling on the issue of qualified immunity. Rather, the court found that there were disputed issues of material fact regarding Dean Chen's entitlement to qualified immunity. Therefore, the issue of Dean Chen's immunity remains unresolved, and the order denying his motion to dismiss is not immediately appealable. *See Broughton v. Russell*, No. 2009-CA-001753-MR, 2010 WL 4320436, at *2 (Ky. App. Oct. 29, 2010); *Hyden-Leslie Water Dist. v. Jessie Hoskins & Perry Const., Inc.*, No 2010-CA-000599-MR, 2011 WL 919818, at *2 (Ky. App. Mar. 18, 2011); *Adair Cty. v. Stearman*, No. 2010-CA-001953-MR, 2011 WL 4103137, at *2 (Ky.

his expulsion from the University was remanded to the University's Board of Regents for consideration. The University is not a party to this appeal. Accordingly, for brevity's sake, we will not discuss facts/procedural his-

tory solely relevant to Eric's claims against the University.

3. Kentucky Revised Statutes.

App. Sept. 16, 2011).[4]

Dean Chen argues that the circuit court's determination that there are issues of fact regarding his claim to immunity represents an incorrect view of his request for dismissal of Eric's claims against him. Dean Chen takes the position that, because he requested dismissal of Eric's claim by way of a CR 12.02 motion, it is impossible for there to be any genuine issues of material fact, as the only facts before the court were those in Eric's complaint, which were required to be taken as true. *See Mims v. Western-Southern Agency, Inc.*, 226 S.W.3d 833, 835 (Ky. App. 2007) ("It is well settled in this jurisdiction when considering a motion to dismiss under [CR 12.02] that the pleadings should be liberally construed in a light most favorable to the plaintiff and all allegations taken in the complaint to be true.").

 We do not find this argument persuasive. A review of the circuit court's order indicates that the court considered matters outside of the pleadings. A trial court "may properly consider matters outside of the pleadings in making its decision [on a motion to dismiss]. However, reliance on matters outside the pleadings by the court effectively converts a motion to dismiss into a motion for summary judgment." *D.F. Bailey, Inc. v. GRW Eng'rs, Inc.*, 350 S.W.3d 818, 820-21 (Ky. App. 2011) (citing *McCray v. City of Lake Louisvilla*, 332 S.W.2d 837, 840 (Ky. 1960); CR 12.02). Thus, when the circuit court considered matters outside of the pleadings, Chen's motion to dismiss was automatically converted into a motion for summary judgment. Accordingly, our review of the court's order denying Chen's motion to dismiss concerns whether the circuit court

was correct in finding that there were genuine issues of material fact.

 The circuit court's order found that it could not resolve the issue of Dean Chen's qualification for immunity based on the issues presented in the pleadings, even when construed in a light most favorable to Eric. Having reviewed the record, we agree with this determination. At the current juncture, the factual issues remain unresolved and the immunity question remains open. We will not overstep our bounds by attempting to make findings of fact on those issues so we can determine an immunity question that the circuit court has not yet fully addressed.

### III. ORDER

Based on the foregoing, this Court ORDERS that the motion to dismiss be GRANTED and this appeal be DISMISSED for failing to appeal from a final and appealable order.

ALL CONCUR.

---

4. While these unpublished opinions are not binding authority, we cite them as instructive

in the absence of any published authority germane to this point. *See* CR 76.28(4)(c),