RENDERED: JULY 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0475-MR

PARKING AUTHORITY OF RIVER
CITY, INC.                                                                                    APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.                              HONORABLE OLU A. STEVENS, JUDGE
ACTION NO. 07-CI-004289 AND 08-CI-001063

TODD K. BOLUS AND L. STANLEY
CHAUVIN, III                                                                               APPELLEES

OPINION
AND ORDER DISMISSING[1]

** ** ** ** **

BEFORE: LAMBERT, MAZE, AND L. THOMPSON, JUDGES.

LAMBERT, JUDGE: Parking Authority of River City, Inc. (PARC) appeals the

Jefferson Circuit Court's April 13, 2021, order denying PARC's motion for

summary judgment on the issue of governmental immunity. We dismiss.

---

[1] When final disposition of an appeal is made by an "Opinion and Order," as in this case, the party adversely affected may move for reconsideration as provided by Kentucky Rules of Civil Procedure (CR) 76.38(2) within ten days of entry, but a petition for rehearing is unauthorized. CR 76.32(1).

This case has a lengthy and complicated history, dating back to 2007, when a class action was filed against (among other parties) Louisville/Jefferson County Metro Government (Metro) and PARC regarding the enforcement of parking violations. Most recently, Metro's motion for summary judgment was granted (and it was dismissed as a party) after the Jefferson Circuit Court determined that Metro was entitled to sovereign immunity protection. PARC's similar motion was denied. This interlocutory appeal by PARC followed.[2]

The matter before us is rather simple: Did the circuit court err in ruling that there were factual issues surrounding PARC's claim that it provided governmental functions?

We begin our analysis with a recitation of the applicable standard of review. "The standard of review on appeal when a trial court grants a motion for summary judgment is 'whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law.'" *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001) (citing *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996); *Palmer v. International Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 882 S.W.2d 117, 120 (Ky. 1994); CR 56.03). "Because summary judgment involves only legal

---

[2] The appellees do not appeal the finding that Metro was entitled to sovereign immunity; therefore, that holding will not be addressed.

questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue de novo." *Lewis*, 56 S.W.3d at 436 (citing *Scifres*, 916 S.W.2d at 781; *Estate of Wheeler v. Veal Realtors and Auctioneers, Inc.*, 997 S.W.2d 497, 498 (Ky. App. 1999); *Morton v. Bank of the Bluegrass and Trust Co.*, 18 S.W.3d 353, 358 (Ky. App. 1999)).

Our Supreme Court's opinion in *Yanero v. Davis*, 65 S.W.3d 510 (Ky. 2001), is the seminal case on sovereign immunity in the Commonwealth. "[A] state agency is entitled to immunity from tort liability to the extent that it is performing a governmental, as opposed to a proprietary, function." *Id.* at 519. And "an order denying a substantial claim of absolute immunity is immediately appealable even in the absence of a final judgment." *Breathitt County Bd. of Educ. v. Prater*, 292 S.W.3d 883, 887 (Ky. 2009) (citing to *Mitchell v. Forsyth*, 472 U.S. 511, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985)).

The Kentucky Supreme Court has recently revisited the issue of what constitutes a "substantial claim of absolute immunity" in *Upper Pond Creek Volunteer Fire Department, Inc. v. Kinser*, 617 S.W.3d 328, 333-34 (Ky. 2020), *reh'g denied* (Feb. 18, 2021) (footnote omitted):

> However, a trial court's order is not immediately appealable simply because immunity is at issue. If the trial court's decision leaves the immunity question unresolved, that order is not immediately appealable. For

example, the Court of Appeals held in *Chen v. Lowe*[, 521 S.W.3d 587 (Ky. App. 2017),] that a trial court's denial of a motion for summary judgment was not subject to immediate appellate review, even though immunity served as the basis for the motion. 521 S.W.3d at 591. In that case, a former law student of the University of Louisville's Brandeis School of Law sued the University and the law school's former dean, in both his individual and official capacities. The dean filed a motion to dismiss on the basis of qualified official immunity. *Id.* at 590. The trial court denied the motion to dismiss the claims against the dean in his individual capacity, finding that genuine issues of material fact remained regarding the dean's entitlement to qualified immunity. *Id.*

In dismissing that appeal, the Court of Appeals acknowledged that "if we were to determine that the circuit court actually denied [the dean's] claim of immunity, we would have jurisdiction to hear his appeal." 521 S.W.3d at 590. The Court of Appeals explained,

> "[i]n denying [the dean's] motion to dismiss, however, the circuit court did not make a final ruling on the issue of qualified immunity. Rather, the court found that there were disputed issues of material fact regarding [the dean's] entitlement to qualified immunity. Therefore, the issue of [the dean's] immunity remains unresolved, and the order denying his motion to dismiss is not immediately appealable.

*Id.* at 590-91 (citing *Broughton v. Russell*, No. 2009-CA-001753-MR, 2010 WL 4320436, at *2 (Ky. App. Oct. 29, 2010); *Hyden-Leslie Water Dist. v. Hoskins*, No. 2010-CA-000599-MR, 2011 WL 919818, at *2 (Ky. App. Mar. 18, 2011); *Adair Cty. v. Stearman*, No. 2010-CA-001953-MR, 2011 WL 4103137, at *2 (Ky. App. Sept. 16, 2011)).

The Court of Appeals therefore dismissed the appeal. In doing so, it explained that it had reviewed the record and agreed with the circuit court's finding that factual issues remained unresolved. *Id.* at 591. Thus, the Court of Appeals stated, "We will not overstep our bounds by attempting to make findings of fact on those issues so we can determine an immunity question that the circuit court has not yet fully addressed." *Id.*

The three unpublished cases cited by the Court of Appeals reflect similar analyses.

The *Kinser* Court went on to state:

In this case, we adopt a similar analysis. The trial court did not make a final ruling on the issue of immunity. Rather, the trial court concluded that additional factual development was necessary to determine if governmental immunity applied to the claims of intentional or negligent training, supervision, hiring, and retention. The trial court also declined to dismiss the claims against the unknown employees because additional facts were needed to determine if they qualified for official immunity. Stated another way, the trial court left these questions of immunity unresolved.

617 S.W.3d at 334.

Such is the case here, where the Jefferson Circuit Court held open the issue of PARC's claim of immunity, holding that "there are multiple issues of material fact and summary judgment is not appropriate." Thus, "we agree that additional factual development is necessary to answer these questions. We will not undertake a fact-finding mission to resolve questions that the circuit court has not yet fully addressed." *Kinser*, 617 S.W.3d at 335. "We will not overstep our

-5-

bounds by attempting to make findings of fact on those issues so we can determine an immunity question that the circuit court has not yet fully addressed." *Chen*, 521 S.W.3d at 591.

Accordingly, the appeal must be, and hereby is, DISMISSED.

ALL CONCUR.

ENTERED: _____          _____
                                   JUDGE, COURT OF APPEALS


BRIEFS FOR APPELLANT:              BRIEF FOR APPELLEES:

Michael J. O'Connell               David B. Mour
Jefferson County Attorney          Joseph C. Souza
                                   Louisville, Kentucky
John F. Carroll
Peter F. Ervin
David A. Sexton
Assistant Jefferson County Attorneys
Louisville, Kentucky