RENDERED: SEPTEMBER 19, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1074-MR

KENTUCKY COMMUNITY &
TECHNICAL COLLEGE SYSTEM;
RAY GILLASPIE, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY
AS CHIEF BUSINESS OFFICER,
EMPLOYEE, AND/OR AGENT OF
MADISONVILLE COMMUNITY
AND TECHNICAL COLLEGE; AND
TODD SMITH, INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY AS
PROGRAM DIRECTOR OF
AVIATION, EMPLOYEE, AND/OR
AGENT OF MADISONVILLE
COMMUNITY AND TECHNICAL
COLLEGE                                                                    APPELLANTS


                    APPEAL FROM HOPKINS CIRCUIT COURT
v.          HONORABLE CHRISTOPHER BRYAN OGLESBY, JUDGE
                         ACTION NO. 24-CI-00395


JOHN MICHAEL KEHOE AND
RYAN HOBBY[1]                                                               APPELLEES

---

[1] Although Ryan Hobby joined the motions to dismiss presented below, he did not appeal.

\*\* \*\* \*\* \*\* \*\*

BEFORE:  COMBS, ECKERLE, AND L. JONES, JUDGES.

ECKERLE, JUDGE:  Appellants, Kentucky Community and Technical College System ("KCTCS"), Ray Gillaspie individually and in his official capacity as Chief Business Officer, employee, or agent ("Gillaspie") of Madisonville Community and Technical College ("MCTC"), and Todd Smith individually and in his official capacity as Program Director of Aviation, employee, or agent ("Smith") at MCTC, bring this interlocutory appeal asserting that the Hopkins Circuit Court erred by denying their motion to dismiss the complaint on the grounds of sovereign and qualified official immunity.  For the reasons explained herein, we must dismiss the appeal for lack of jurisdiction.

## I. Factual and Procedural Background

Because the issues in front of us are purely legal, we address the factual background only briefly.  In July 2020, KCTCS hired Appellee, John Michael Kehoe ("Kehoe"), as the Program Director of Aviation at MCTC, which is part of the larger KCTCS.  Just a few days into his employment, Gillaspie and another person in administration accused Kehoe of speaking to the press about the program's status with the Veterans Affairs Administration ("VA").  Kehoe denied giving an interview and speaking to the press, but instead stated that a reporter had

-2-

been present in a meeting and noted Kehoe's remarks without his permission. Gillaspie warned Kehoe to refrain from speaking to reporters about the program's status with the VA.

Kehoe alleges that after this initial incident, his treatment by MCTC continually worsened. For example, MCTC demoted him to the position of Chief Flight Instructor and hired a younger person as Program Director. Kehoe also claims that he was not consulted on future hires as instructors in the program. He further asserts that MCTC listed him as the instructor in a course, which he did not teach, and which was actually taught by someone else who lacked qualifications. Kehoe threatened to report the program to the Federal Aviation Administration ("FAA"). He avers that his subsequent treatment by MCTC became so untenable that he was forced to resign.

Kehoe claims that after he resigned, Smith and Ryan Hobby (also an employee of MCTC) interfered with an employment offer that he had received from the FAA by telling the agency that Kehoe was unfit to teach or fly. When the FAA rescinded its offer of employment, Kehoe began offering private flight lessons at a local airport in Madisonville. He alleges that an employee of MCTC removed his business cards from the airport and, when confronted by Kehoe, the employee stated he had done it because he was influenced by unnamed people at MCTC.

Kehoe filed the underlying lawsuit against KCTCS, Gillaspie, Smith, and Hobby, alleging the following claims: 1) age discrimination; 2) whistleblower retaliation; 3) public policy wrongful termination; 4) tortious interference with a business relationship; 5) defamation; and 6) punitive damages. KCTCS filed a motion to dismiss pursuant to Kentucky Rule of Civil Procedure ("CR") 12.02 on behalf of itself and all employees except Ryan Hobby, who had separate counsel but joined in the motion. KCTCS advanced numerous legal theories supporting dismissal, such as: 1) Kehoe failed to state a claim for relief under the Kentucky Civil Rights Act; 2) Kehoe failed to state a claim for relief under the Kentucky Whistleblower Act ("KWA"); 3) Kehoe's request for punitive damages was time-barred; 4) Kehoe's claims for wrongful discharge and defamation against KCTCS, Gillaspie, and Smith in their official capacities are barred by sovereign immunity; 5) Kehoe's wrongful discharge claim is preempted by the KWA; 6) Kehoe's claim for tortious interference against KCTCS, Gillaspie, and Smith in their official capacities is barred by sovereign immunity; 7) Kehoe failed to state a viable claim for tortious interference against Gillaspie and Smith in their individual capacities because he did not state his allegations with specificity; 8) all claims against Gillaspie and Smith in their individual capacities are barred by qualified official immunity; 9) Kehoe failed to state a viable claim for defamation; and 10) Smith is

entitled to qualified privilege for statements made to the FAA. Kehoe made a written response, and KCTCS, Gillaspie, and Smith filed a reply.

The Circuit Court held a hearing on the motion to dismiss and the parties extensively argued their positions. KCTCS also pointed out that, in Kehoe's response, he had attempted to argue that he had made a claim for a declaratory judgment when in fact no such claim had been made pursuant to statute. *See* Kentucky Revised Statutes ("KRS") Chapter 418. When addressing the issue of immunity, Kehoe argued that it was not clear whether MCTC's aviation program served a proprietary or government function,[2] and discovery was necessary.

Following the hearing, the Circuit Court entered a perfunctory order consisting solely of one sentence stating only the simple conclusion that it denied KCTCS's motion. KCTCS, Gillaspie, and Smith filed this interlocutory appeal in which they repeat their immunity arguments. Kehoe responds that the Trial Court did not rule on the immunity issue, and therefore, this Court lacks jurisdiction.

## **II. Analysis**

It is well-settled law that this Court has jurisdiction to consider an interlocutory order if it is "an order denying a substantial claim of absolute

---

[2] *See Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001).

immunity . . . even in the absence of a final judgment." *Breathitt Cnty. Bd. of Educ. v. Prater*, 292 S.W.3d 883, 887 (Ky. 2009). We have jurisdiction to hear this appeal *only if* we determine the Circuit Court denied one or more of KCTCS's claims of immunity. *Chen v. Lowe*, 521 S.W.3d 587, 590 (Ky. App. 2017).

Here, we cannot decipher whether the Circuit Court even ruled on the issues of immunity because it provided no basis, analysis, reasoning, or authority in its summary denial. And we cannot supplant our own reasoning where there is none.

There are numerous, weighty, and complex issues in contest here. The Circuit Court failed address them or to rule definitively on the issue of immunity. This Court is unable to determine if the Circuit Court denied the motion to dismiss because it: 1) determined that none of the defendants below was entitled to any form of immunity; 2) agreed with Kehoe that discovery was necessary before it could rule on the issue immunity; or 3) believed other grounds were meritorious that did not involve immunity, such as the whistleblower and defamation claims.

While the Circuit Court certainly could have made its order more clear, KCTCS could also have attempted to remedy the situation there by filing a motion to alter, amend, or vacate pursuant to CR 52.02. It failed to do so. Instead,

KCTCS assumed the Circuit Court, in denying its motion, ruled no form of immunity was applicable to any defendant. We cannot make such an assumption.

In *Chen v. Lowe*, *supra*, this Court dismissed an interlocutory appeal because the Circuit Court had not yet ruled on the issue of immunity. In that case, however, the Circuit Court had issued an order stating it that could not resolve the issue of immunity based solely on the pleadings, and that factual issues remained unresolved. *Chen*, 521 S.W.3d at 591.

In the case *sub judice*, however, we simply do not know whether the Circuit Court even ruled on the immunity issue. We have no information from the Circuit Court about its ruling or any of its reasoning. It is *possible* the Circuit Court intended to revisit the issue after further discovery, as Kehoe argues, but it is just as likely that the Circuit Court was rendering its final decision on the issue. The true nature of the order remains wholly unknown and subject to conjecture. The parties do not even know whether they should engage in limited discovery about the issue of immunity.

As detailed in this Opinion, KCTCS put forth numerous legal theories as to why it believed Kehoe's claims should be dismissed; however, in denying the motion, the Circuit Court failed to articulate which theory or theories KCTCS failed to satisfy. Had the Circuit Court denied the motion because it determined KCTCS, Gillaspie, and Smith were not entitled to any sort of immunity, we could

proceed with *de novo* review. *Gambrel v. Croushore as Next Friend of Villarreal*, 638 S.W.3d 452, 455 (Ky. App. 2021). However, the order before us, as entered, fails to mention the issue of immunity. We therefore lack jurisdiction to hear this interlocutory appeal. If we had jurisdiction, we might remand the case to the Circuit Court to make detailed findings, but we are unable to do so where we would be proceeding outside the bounds of our jurisdiction.

### III. Conclusion

For the foregoing reasons, it is hereby ordered that this appeal is dismissed. We encourage the parties to file motions seeking guidance with the Circuit Court, and we urge that Court to rule with specificity.

ALL CONCUR.


ENTERED: ___09-19-2025___

_AudraJEckerle_
_____
JUDGE, COURT OF APPEALS


BRIEFS FOR APPELLANTS:

Melissa Norman Bork
Brent R. Baughman
Louisville, Kentucky


Sarah T. Laren
Lexington, Kentucky

BRIEF FOR APPELLEE JOHN MICHAEL KEHOE:

Jeffrey L. Freeman
Lauren Freeman
Louisville, Kentucky