**Albert C. PARTON, Administrator of the Estate of Robert Schindhelm, Appellant,**

v.

**Link ROBINSON, Hallie Robinson, Florence Deposit Bank, Covington Trust and Banking Company, Metropolitan Life Insurance Company, Loredo Estenfelder d/b/a Estenfelder Realty Company, and Emma Jurgens, Appellees.**

Court of Appeals of Kentucky.

Dec. 1, 1978.

Edward S. Monohan, IV, Charles H. Marksberry, Vest, Ware & Monohan, Florence, for appellant.

William P. McEvoy, Burlington, for appellees, Link Robinson, Hallie Robinson and Florence Deposit Bank.

James G. Woltermann, Adams, Brooking & Stepner, Covington, for appellee, Covington Trust and Banking Co.

John J. O'Hara, Donald J. Ruberg, O'Hara, Ruberg, Cetrulo & Osborne, Covington, for appellee, Metropolitan Life Ins. Co.

John R. Blakely, Covington, for appellee, Loredo S. Estenfelder d/b/a Estenfelder Realty Co.

Clyde W. Middleton, Covington, for appellee, Emma Jurgens.

Before WHITE, HOWARD and PARK, JJ.

WHITE, Judge.

Appellant appeals a summary judgment rendered in favor of appellees by the Boone Circuit Court.

Appellant Parton, administrator of the estate of Robert Schindhelm, brought suit against Eileen Franklin Oates, James Drew and Darnell Drew for alleged conversion of personal and real property of decedent Schindhelm. Subsequent thereto, appellant filed an amended complaint to include the present appellees as defendants to the suit. The original defendants are not appellees here but apparently are still parties below in some respect. All appellees except Metropolitan Life Insurance Company are allegedly involved because of a transfer of property owned by decedent. As appellees are numerous and the fact situation rather complex, a chronological narration of the facts is in order at this point.

On June 21, 1973, the deceased, Robert Schindhelm, executed an instrument giving power of attorney to his niece, Eileen Franklin (now Oates), which was duly recorded with the County Clerk of Boone County on October 1, 1973. On October 3, 1973, property owned by Robert Schindhelm located at 14 Julia Avenue, Florence, Kentucky, was conveyed to appellees Link and Hallie Robinson for the sum of $20,860.45. The transaction was negotiated by appellee Estenfelder Realty Company. At the closing of the real estate transaction, the Robinsons drew certain checks payable to "Eileen Franklin attorney in fact for Robert Schindhelm." One of these checks, in the amount of $100, was then endorsed by Eileen Franklin as attorney in fact for Robert Schindhelm to Estenfelder Realty Company for payment of a commission fee. The other check was endorsed by Eileen Franklin

to Darnell Drew, who deposited it to her checking account at Covington Trust and Banking Company. Appellee Covington Trust and Banking Company credited the deposit to Drew's checking account and forwarded the instrument through banking channels to the drawer, appellee Florence Deposit Bank, which paid it. On August 29, 1975, the Robinsons deeded the above property to appellee Emma Jurgens.

On June 26, 1973, appellee Metropolitan Life Insurance Company issued two checks totaling $2,910.79 payable to the order of Robert A. Schindhelm, representing cash surrender value of two life insurance policies issued by appellee on the life of Schindhelm. The record is unclear as to whether Schindhelm or Eileen Franklin as attorney in fact endorsed the checks.

All of appellant's complaints against the appellees stem from Eileen Franklin's exercise of power of attorney. Appellant contends that Schindhelm did not have the requisite mental capacity to execute a valid power of attorney and that Franklin fraudulently induced Schindhelm to sign such document. At the time of the execution of the document, Schindhelm was a resident in a nursing home. Appellant contends that prior to execution of the power Schindhelm had suffered a cerebro vascular accident which resulted in massive brain damage, leaving Schindhelm almost totally blind, non-ambulatory and incoherent from March 5, 1973, until the date of his death, April 11, 1974.

Appellant contends that appellees Link and Hallie Robinson were never legal owners of the aforementioned real estate and that their deed was void because Franklin had no power to convey any interest in said real estate; therefore, the Robinsons' transfer to appellee Jurgens was also void. Appellant seeks to have these transfers set aside.

Appellees Link and Hallie Robinson and Emma Jurgens contend they were bona fide purchasers for value without notice and, as such, appellant cannot seek to have their deeds conveying the property in question set aside. It is noted that appel-

lees dealt with Eileen Franklin, who represented herself as possessing power of attorney for Robert Schindhelm. This power of attorney was duly recorded. There is nothing in the record to indicate that appellees had any reason to question the validity of this power or the competency of Schindhelm to execute same. Nor is there evidence that appellees had notice of Schindhelm's alleged incompetency or any reason to suspect the power might be defective. It has long been established in this jurisdiction that a third party dealing with the attorney in fact is only required to look to the language of the power of attorney to determine the extent of the power. *Reed v. Welsh,* 11 Bush 450, 74 Ky. 450 (1875). Furthermore, a good faith purchaser " . . . [will] not be bound to consult an attorney, or to look for subtle rules of law, or to make a hypercritical analysis of the language of the power, but must be protected in his purchase made in good faith." *Id.* at 458. Under this rule of law, appellees Link and Hallie Robinson are protected in their title to the property. Appellee Jurgens, as a good faith purchaser from the Robinsons, is also protected.

■ Appellant claims the deeds should be voided because the power of attorney was void due to Schindhelm's incapacity. Appellant contends Eileen Franklin induced Schindhelm to sign the power of attorney knowing he had not the requisite mental capacity and therefore any of Ms. Franklin's actions under the power are fraudulent. The question of the validity of the power of attorney and Schindhelm's capacity to execute same is not before this court, and it would be improper to rule on the issue at this time. We would point out, however, even if Schindhelm had lacked the requisite mental capacity to execute a power of attorney, the power would not necessarily be void, but merely voidable. 3 Am. Jur.2d *Agency* § 24. Further, even if it is found that Schindhelm could not legally execute such power and Ms. Franklin fraudulently conveyed the property in question knowing Schindhelm had outstanding debts, appellees Robinsons and Jurgens are protected by KRS 378.010, which states:

Every gift, conveyance, assignment or transfer of, or charge upon, any estate, real or personal, or right or thing in action, or any rent or profit thereof, made with the intent to delay, hinder or defraud creditors, purchasers or other persons, . . . shall be void as against such creditors, purchasers and other persons. This section shall not affect the title of a purchaser for a valuable consideration, unless it appears that he had notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor.

Appellant contends the appellee banks are liable in conversion for paying checks with the endorsement of Eileen Franklin as attorney in fact for Robert Schindhelm. Appellant claims Ms. Franklin's signature was unauthorized or forged due to the invalid power of attorney, making appellee banks liable for conversion under KRS 355.-3–419(1)(c), which states: "(1) An instrument is converted when . . . (c) it is paid on a forged indorsement."

■ The checks in question were made out to "Eileen Franklin Attorney in Fact Robert Schindhelm" as payee and endorsed in the same manner. KRS 355.3–117 states:

(1) An instrument made payable to a named person with the addition of words describing him (a) as agent or officer of a specified person is payable to his principal but the agent or officer may act as if he were the holder; (b) as any other fiduciary for a specified person or purpose is payable to the payee and may be negotiated, discharged or enforced by him.

The checks were made payable to Eileen Franklin as agent or fiduciary for Robert Schindhelm. Thus, KRS 355.3–117 applies, making negotiation and payment upon this endorsement proper.

Appellant contends that such endorsement was invalid because unauthorized and cites KRS 355.1–201(43), which provides that an endorsement is unauthorized if made without actual, implied, or apparent authority and includes a forgery. However,

KRS 355.3–419(1)(c) allows for recovery only when an endorsement is forged. Appellant cites several cases finding an unauthorized signature a forgery for purposes of conversion under similar statutes. However, both cases involved actually forging the name of others. We feel the facts of this case are more closely aligned to *Asher v. U. S.,* 480 F.2d 580 (6th Cir. 1973). *Asher* involved a forgery prosecution under 18 *U.S.C.* § 495, where the defendant, appointed as custodian for an incompetent, continued to endorse government checks made payable to her as custodian, using her own name followed by that of the incompetent, even after the death of the incompetent. The court found defendant's signature an agency endorsement and held an agency endorsement is not a forgery even though it may be fraudulent or for the purpose of defrauding.

■ We do not find Eileen Franklin's signature a forgery as it relates to the issue of conversion in this case. No actual forging of another's name was involved. As far as appellee banks were concerned, apparent authority appeared to reside in Ms. Franklin by virtue of the recorded power of attorney and no proof was offered by appellant indicating the banks were put on notice of any irregularity in the power or its execution. Thus, we are hard pressed to find a forgery in this instance under KRS 355.3–419(1)(c).

■ Appellant also contends Loredo Estenfelder d/b/a Estenfelder Realty is liable for conversion under KRS 355.3–419(1)(c). Appellant quotes Bender's UCC Service, Hart & Wilber, *Commercial Paper* § 12.38, for the proposition that appellee Estenfelder "paid" within the meaning of the statute. Estenfelder received a check for a commission, payable to Franklin as attorney in fact for Schindhelm and endorsed in the appropriate manner to Estenfelder. Bender's Service, *supra,* states:

. . . anyone paying at any point following an essential endorsement which has been forged is converting the instrument as against the true owner. The result is that there can be a series of conversions following such an endorsement, each person paying becoming liable to the owner or victim of the wrongdoing. This is because no person following the endorsement has title to the instrument and hence is misappropriating property of another.

Even accepting appellant's argument that Estenfelder had "paid" on the check, no liability for conversion could be established for the reasons in the foregoing discussion concerning the appellee banks' liability.

■ Appellant contends that appellee Metropolitan Life Insurance Company is liable on checks issued for the cash surrender value of life insurance policies on Schindhelm. Metropolitan issued the checks payable to Schindhelm. Appellant claims these checks were stolen by Ms. Franklin and subsequently paid to her upon her endorsement as attorney in fact for Schindhelm and upon appellant's presentment of these checks, Metropolitan refused to again pay. Metropolitan claims the checks were endorsed by Schindhelm. We are unable to determine from the record who actually endorsed the checks and the trial court makes no finding concerning the matter. In any event, summary judgment was properly granted.

KRS 304.14–260 provides:

Whenever the proceeds of or payments under a life or health insurance policy or annuity contract heretofore or hereafter issued become payable in accordance with the terms of such policy or contract, or the exercise of any right or privilege thereunder, and the insurer makes payment thereof in accordance therewith or in accordance with any written assignment thereof, the person then designated as being entitled thereto shall be entitled to receive such proceeds or payments and to give full acquittance therefor, and such payments shall fully discharge the insurer from all claims under the policy or contract unless, before payment is made, the insurer has received at its principal office written notice by or on behalf of some other person that such other person claims to be entitled to such payment or some interest in the policy or contract.

The checks were payable to Robert A. Schindhelm. If Schindhelm endorsed the checks, Metropolitan is discharged under the above statute. If Eileen Franklin endorsed the check as attorney in fact for Schindhelm, the issue is whether her signature is authorized. KRS 355.3–307(1) creates a presumption that the signature was authorized. Franklin's authority appeared valid from the recorded power of attorney. Again we cite *Reed v. Welsh, supra,* for the proposition that a third party dealing with the attorney in fact need not look beyond the language of the power to determine the extent of the power.

■ Appellant lastly asks this court to dismiss appellees Link and Hallie Robinson and Estenfelder's counterclaims for malicious prosecution. The trial court overruled appellant's motion on this issue. The trial court's ruling was not a final order and thus not appealable. Consequently, we cannot review this issue at this time.

The judgment is affirmed.

All concur.