**Melissa Ann DRUEN, Appellant,**

v.

**Paula Jean MILLER, Appellee.**

**No. 2011–CA–000278–ME.**

Court of Appeals of Kentucky.

Aug. 12, 2011.

Rehearing Denied Oct. 13, 2011.

Discretionary Review Denied by Supreme Court Feb. 15, 2012.

Marcia Sparks, Louisville, KY for Appellant.

James Taylor, Louisville, KY, for Appellee.

Before TAYLOR, Chief Judge; ACREE and VANMETER, Judges.

## OPINION

VANMETER, Judge:

Melissa Ann Druen appeals from an order of the Jefferson Circuit Court, Family Division, denying her motion to dismiss Paula Jean Miller's petition for custody of Druen's biological minor child. Finding that the order was interlocutory and not appealable, we dismiss the appeal.

Druen and Miller began a romantic relationship in 1997. In 1998, they purchased a home and began living together. Druen became pregnant in 2002 after artificial insemination from an unknown donor and later gave birth. The parties separated in 2007. In 2010, Miller filed a petition for custody of the minor child, alleging she was the *de facto* custodian of the minor child on the basis that since September 2007, the child has resided solely with her and that Druen has only exercised visitation rights.

Druen filed a motion to dismiss the petition on the basis that Miller lacked standing to pursue custody. Prior to a hearing on the matter, the trial court granted Miller's motion to amend her petition for custody to include a claim under the theory that Druen waived her parental rights as an alternative to her claim that she was the *de facto* custodian. By order entered July 20, 2010, the court denied Druen's motion to dismiss, finding that Miller had standing to pursue custody under a claim of waiver of parental rights. The court designated the order final and appealable only in regard to standing. This appeal followed.

On appeal, Druen seeks a reversal of the family court's order determining that Miller has standing to seek custody of

the minor child. We find the order to be interlocutory and not appealable.

 CR[1] 54.01 provides in part that "[a] final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02." Under CR 54.02, if more than one claim for relief is sought, "the court may grant a final judgment upon one or more but less than all of the claims or parties only upon a determination that there is no just reason for delay." If an order is interlocutory by its very nature, the recital of the CR 54.02 finality language will not make it appealable. *Hook v. Hook*, 563 S.W.2d 716, 717 (Ky.1978).

An interlocutory order is not appealable unless it divests a party of a right in such a manner as to remove from the court the power to return the parties to their original condition. *Ratliff v. Fiscal Court*, 617 S.W.2d 36, 39 (Ky.1981) (citation omitted). For example, courts have recognized such instances when a party appeals the denial of a motion to dismiss which alleged immunity and involved a purely legal issue. *See Haney v. Monsky*, 311 S.W.3d 235 (Ky.2010). However, absent a showing to the contrary, the general rule is that an order denying the dismissal of an action is interlocutory and not appealable. *Parton v. Robinson*, 574 S.W.2d 679 (Ky.App.1978) (holding that a denial of a motion to dismiss was not final and appealable); *Louisville Label, Inc. v. Hildesheim*, 843 S.W.2d 321 (Ky.1992) (holding that an order denying a motion for voluntary dismissal was not appealable).

In the case at bar, Druen seeks to appeal an order of the family court denying her motion to dismiss Miller's petition on the basis that Miller lacked standing to seek custody of the minor child. However, the order does not determine the issue of custody of the minor child and, therefore, is not final since it did not adjudicate all the rights of the parties. Although the order granted Miller temporary joint custody and temporary child support, those matters likewise are interlocutory and non-appealable. *See Knight v. Knight*, 419 S.W.2d 159 (Ky.1967); 15 Louise E. Graham & James E. Keller, *Kentucky Practice–Domestic Relations Law* § 13:1 (2010). Thus this appeal is from an interlocutory order. Druen does not set forth, and we fail to appreciate, any reason to address the merits of her appeal. Accordingly, the appeal is not properly before this court.

Appeal No. 2011–CA–000278–ME is hereby dismissed.

ALL CONCUR.

---

1. Kentucky Rules of Civil Procedure.