RENDERED: DECEMBER 18, 2014
TO BE PUBLISHED

# Supreme Court of Kentucky

## 2014-SC-000098-CL

IN RE:

MARGARET MACGLASHAN

UNITED STATES DISTRICT COURT
V.       WESTERN DISTRICT OF KENTUCKY, PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00135-TBR

ABS LINCS KY, INC.
D/B/A CUMBERLAND HALL HOSPITAL

## OPINION OF THE COURT BY JUSTICE VENTERS

## CERTIFYING THE LAW

Pursuant to CR 76.37(1), this Court granted the certification request of

The United States District Court for the Western District of Kentucky to answer

the following question of Kentucky law:

> Can a plaintiff who alleges that her employment was wrongfully
> terminated in violation of Kentucky Revised Statute 216B.165
> assert a claim for the recovery of front pay, along with other
> damages she may have sustained, by reason of her discharge?

For the reasons stated below, we conclude that the answer is "yes."

## I. FACTUAL AND STATUTORY BACKGROUND

Because the case comes to this Court upon a Certification Order

requested by the United States District Court, we review the question

1

presented upon a limited but adequate factual record. According to the Certification Order, Margaret Macglashan alleges in her suit in the federal district court that she had been employed by ABS LINCS, KY., doing business as Cumberland Hall Hospital, and that she was fired because she was "preparing to report a clear medication error" to an appropriate hospital regulatory authority pursuant to KRS Chapter 216B.

KRS Chapter 216B broadly covers the regulation of health care facilities and services in Kentucky. KRS 216B.165(1) requires hospital employees to report circumstances in which "patient safety" or "quality of care" is "in jeopardy." KRS 216B.165(3) provides a kind of whistle-blower protection for health facility workers. It prohibits a health care facility or service from retaliating against an employee who reports any deficiencies of the facility or service pursuant to KRS 216B.165(1). However, KRS Chapter 216B does not prescribe any specific civil remedies for the whistle-blowing employee who suffers retaliation for making such a report. For remedies, one must look to the generic provisions of KRS 446.070 which states: "A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation."

## II. ANALYSIS: FRONT PAY, KRS 216B.165(3), AND KRS 446.070

In the parlance of wrongful termination of employment litigation, "front pay" is "money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement." *Pollard v. E.I. du Pont*

2

*de Nemours & Co.*, 532 U.S. 843, 846 (2001). *See also Brooks v. Lexington-Fayette Urban County. Hous. Auth.*, 132 S.W.3d 790, 806 (Ky. 2004). As opposed to front pay, "back pay" or "lost wages" includes the damages incurred from the date of the wrongful termination until the date the matter is adjudicated. Front pay is awarded for compensation lost during the period between the date of the adjudication and the reinstatement of employment, or where reinstatement is not an appropriate remedy,[1] the date of re-employment by another employer in lieu of reinstatement. Thus, front pay is just as much of a "damage sustained" as back pay; the principal difference between the two is that back pay represents lost wages incurred *before* the trial and front pay represents a reasonable estimate of damages that will accrue *after* the trial. *See Dollar Gen. Partners v. Upchurch*, 214 S.W.3d 910, 918 (Ky. App. 2006). "The purpose of front pay is limited to compensating the employee for wages lost as a result of the wrongful termination." *Id.* at 921.

The issue essentially boils down to whether front pay fits within the statutory language of KRS 446.070 permitting a plaintiff to recover "such damages as he sustained by reason of the violation." The answer is obvious — "lost compensation during the period between judgment and reinstatement or in lieu of reinstatement" is a "damage[] sustained by reason of the violation." A loss of income extending after the date of the adjudication is a type of injury

---

[1] Reinstatement may not be an appropriate remedy in some cases because the whistleblower litigation may have so damaged the relationship between the whistleblower and other employees of the establishment that a congenial ongoing work atmosphere may be impractical.

3

that one might reasonably be expected to suffer as a result of a wrongful discharge in violation of KRS 216B.165(3).

An employee acting under the protection of KRS 216B.165(3) could not be made whole without front pay, since the measure of his or her damages would necessarily include those wages lost between the time of the judgment and the time of reinstatement (or some remuneration that reasonably compensates the employee in lieu of reinstatement). If not for the wrongful reprisal by the employer, the employee would have collected her wages during that time frame and, therefore, the wrongful loss of those wages is compensable as damages in a civil action because the loss represents a "damage[] sustained by reason of the violation." If, as noted in *Pollard*, front pay is "compensation for wages lost," it is obviously a monetary damage foreseeably suffered by one who was wrongfully fired.

The argument proffered against allowing an award of front pay is based upon a flawed syllogism. First, the Hospital points out that our decision in *Pari-Mutuel Clerks' Union of Kentucky, Local 541, SEIU, AFL-CIO v. Kentucky Jockey Club*, 551 S.W.2d 801, 802 (Ky. 1977) holds that KRS 446.070 does not provide a right of reinstatement for wrongful termination because reinstatement is an equitable remedy rather than a kind of "damage[] sustained." Next, it cites to our holding in *Brooks* that "front pay either supplements the equitable remedy of reinstatement or acts as a substitute for it." 132 S.W.3d at 806, (citing to *Pollard*, 532 U.S. at 846). From these two propositions, the Hospital reasons that because reinstatement is not included

4

among the "damages" allowed under KRS 446.070, and because front pay is an equitable remedy that substitutes for reinstatement, then, ergo, front pay cannot be awarded under KRS 446.070. The flaw in that reasoning is its supposition that a "substitute for reinstatement" is the same thing as reinstatement; it is not.

Historically, equitable remedies (injunctive relief, specific performance, reinstatement, etc.) arose almost always as *substitutes* for common law monetary damages in situations where monetary damages were inadequate, impossible to provide, or were otherwise unavailable. Referring to front pay as a kind of equitable remedy, however, does not alter the practical and functional reality that it is an award of monetary damages to recompense a loss "sustained by reason of the [statutory] violation." Although in a different context, in *Aetna Cas. & Sur. Co. v. Commonwealth*, Justice Scott wrote "regardless of whether the claim can be characterized as legal or equitable in nature," the word "damages" covers "any claim . . . which requires the expenditure of money regardless of whether the claim can be characterized as legal or equitable in nature." 179 S.W.3d 830, 838 (Ky. 2005). This is the conception of the word "damages" that was incorporated into KRS 446.070. In *Pari-Mutuel Clerks' Union*, we held that reinstatement was excluded from KRS 446.070, not because reinstatement was an equitable remedy, but because the act of reinstatement is not a kind of "damage[]" that the victim of a wrongful act can "sustain." Conversely, a victim can sustain monetary losses if she is not immediately reinstated following the adjudication, and because that monetary

5

damage is a "damage sustained," the whistleblower is entitled to recover that loss under KRS 446.070.

The Kentucky Court of Appeals reached the same conclusion in *Ferry v. Cundiff Steel Erectors, Inc.* when it construed the language of KRS 342.197, "to recover the actual damages sustained by him," to include front pay in lieu of reinstatement:

> [W]e are convinced that once [the employer] obtained an order prohibiting reinstatement, it was incumbent upon the trial judge to consider an award of front pay as a substitute for the equitable remedy of reinstatement provided for in KRS 342.197. Because it appears from the trial judge's order that she was of the opinion that front pay did not fall within the purview of that statute, we are convinced that the case must be remanded for re-consideration in light of our determination that it is an appropriate element of damage for workers claiming retaliatory discharge[.]

218 S.W.3d 390, 392-93 (Ky. App. 2006).[2]

We are further convinced that considerations of justice weigh strongly in favor of this interpretation. Without the full range of compensatory relief, health care workers would be left in the precarious "Catch-22" situation of being bound by statute to report health care deficiencies, but at the same time denied the possibility of being fully compensated if they suffer reprisals for doing so.

---

[2] We note that in an unpublished opinion, *Highlands Hosp. Corp. v. Castle*, 2007-CA-002432-MR, 2010 WL 2787906 (Ky. App. July 16, 2010), a panel of the Court of Appeals concluded that as an "equitable remedy" front pay was not available as a damage sustained by reason of a wrongful termination. To the extent that it is necessary to overrule an unpublished opinion, *Highlands Hosp. Corp. v. Castle* is overruled.

## III. CONCLUSION

In summary, we hold that pursuant to the general remedial provisions of KRS 446.070, an employee covered by KRS 216B.165 who suffers reprisal in violation of KRS 216B.165(3) may recover front pay as an element of compensable damages. The law is hereby certified to The United States District Court for the Western District of Kentucky.

All sitting. All concur.

COUNSEL FOR MARGARET MACGLASHAN:

James Michael Bolus, Jr.
Bolus Law Offices

Brian Butler
Dawthorne & Butler

COUNSEL FOR ABS LINCS KY, INC. D/B/A CUMBERLAND HALL HOSPITAL:

Michael D. Risley
Demetrius O'Dell Holloway
Sties & Harbison, PLLC

COUNSEL FOR U.S. DISTRICT COURT, WESTERN DISTRICT OF KENTUCKY:

Vanessa Lynn Armstrong