ACREE, JUDGE:
The University of Louisville appealed the Jefferson Circuit Court's November 15, 2013 judgment affirming the jury's verdict in favor of Laurel Harper and the award of damages with respect to her claim under the Kentucky Whistleblower Act,[1] as well as the March 20, 2014 opinion and order awarding Harper's attorney's fees and costs. Additionally, Harper cross-appealed the trial court's opinion and order denying her motion for front-pay damages.
In an opinion rendered October 21, 2016, this Court reversed the verdict and judgment, and reversed the separate award of attorney fees in favor of Harper. After granting discretionary review, the Kentucky Supreme Court reversed this Court's opinion, reinstated the jury's verdict, and remanded the case to this Court to address issues raised in the original appeal that the Court did not resolve. Harper v. University of Louisville , 559 S.W.3d 796 (Ky. 2018). On remand, we affirm in part and reverse in part.
PREVIOUSLY UNRESOLVED ISSUES
The Supreme Court identified the specific unresolved issues as follows:
The University's appeal to the Court of Appeals raised other issues which, because of its disposition of the directed verdict issue, the Court of Appeals declined to address. Specifically, the University argued that the judgment of the trial court awarded excessive compensatory damages because Harper failed to *598 mitigate her loss of income; that Harper was improperly allowed to recover damages for mental anguish she endured as a result of her whistleblower activity; that the trial court erred in awarding interest on the judgment against the University; and that the trial court erred by awarding excessive attorneys' fees to Harper. Harper, on the other hand, argued that these issues were not properly preserved for appellate review. Harper also argued that the trial court erred by denying her claim for front pay damages.
We defer our analysis of those issues and remand the matter to the Court of Appeals for resolution of the issues left unresolved.
Id. at 811-12. The Court now addresses each unresolved issue identified in the Supreme Court's opinion.
(1) Whether the trial court awarded excessive compensatory damages because Harper failed to mitigate her loss of income
Harper "directs our attention to the fact that [several] of the alleged ... errors assigned by appellant[ ] were not preserved and no refutation is made by reply brief." Elwell v. Stone , 799 S.W.2d 46, 48 (Ky. App. 1990). As to this issue, we agree the University failed to identify whether and how it preserved the error.
"It goes without saying that errors to be considered for appellate review must be precisely preserved and identified in the lower court." Skaggs v. Assad, By and Through Assad , 712 S.W.2d 947, 950 (Ky. 1986). A rule of appellate procedure, CR [2] 76.12(4)(c)(v), requires "at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." CR 76.12(4)(c)(v). The University failed to comply with the rule. Citation in the body of the argument to all the jury instructions does not suffice to preserve the issue for appeal.
The portion of the specific instruction to which the University must be alluding says to the jury: "Do not deduct from the damages awarded, if any, the money earned by Ms. Harper for work she performed or unemployment benefits she received after she was no longer employed at the University of Louisville. The Court will perform any calculations that may be necessary." (Record (R.) 812). The issue is not whether this instruction was proper, but whether the trial court erred by not performing the calculations in the judgment. The University did not preserve that argument, and we must assume the trial court properly determined that no such calculations were necessary.
We decline to address this unpreserved issue further.
(2) Whether Harper was improperly allowed to recover damages for mental anguish she endured as a result of her whistleblower activity
Again, the University failed to strictly comply with CR 76.12(4)(c)(v) regarding preservation of error. This time, however, the University substantially complied with the rule by citing the video transcript where objection was made to Verdict Form No. 3.
Preservation took the form of the University's objection that the instructions on liability for whistleblowing (addressed by Instruction No. 1 and 1(A) ) and the instruction on liability for gender discrimination (addressed in Instruction No. 2) were set out separately, but that Verdict Form No. 3 lumped together damages for gender discrimination (mental anguish)
*599 with damages for whistleblowing (back pay and lost wages). (Videotape Transcript (VT) 11/01/13; 09:37:25; R. 810-13). In response to that objection, the trial court said:
The only way it would matter is if, if one of them, if they found on both and reversed on one, so there'd, they'd have a hard time figuring out what the mental anguish is. I'm gonna leave it the way it is. I appreciate the distinction but, but ... the only way it would be a problem is if, under that, that scenario.
(VT 11/01/13; 09:37:44). We understand the trial court's statement as acknowledging that the instruction error would matter only if the jurors failed to understand they could only award damages for mental anguish if they found the University liable for gender discrimination. Unfortunately, the verdict demonstrates the jury, unlike the trial court, did not "appreciate the distinction" between the separate causes of action and their remedies.
Damages for mental anguish are recoverable on claims for gender discrimination brought pursuant to KRS 344.450. Meyers v. Chapman Printing Co., Inc. , 840 S.W.2d 814, 819 (Ky. 1992). Damages for mental anguish are not recoverable on claims brought under the Whistleblower Act, KRS 61.101, et seq. Commonwealth Dep't of Agriculture v. Vinson , 30 S.W.3d 162, 165 (Ky. 2000).[3]
The jury found for Harper on her claim under the Whistleblower Act and awarded her $ 226,409 in back pay. (R. 806-09, 813). The jury found for the University on Harper's claim of gender discrimination. (R. 811). Still, the jury awarded Harper $ 201,000 for mental anguish.
Harper claims the mental anguish award should stand because KRS 446.070 allows persons injured by a statute to bring a private right of action to recover compensatory damages, including mental anguish. In this case, KRS 446.070 is inapplicable. Use of the private-right-of-action statute "is limited to where the statute [alleged to have been violated - KRS 61.102 in this case - ] ... does not prescribe the remedy for its violation." Grzyb v. Evans , 700 S.W.2d 399, 401 (Ky. 1985). The Whistleblower Act prescribes its own remedy. KRS 61.990(4) states:
A court, in rendering a judgment in an action filed under KRS 61.102 and 61.103, shall order, as it considers appropriate, reinstatement of the employee, the payment of back wages, full reinstatement of fringe benefits and seniority rights, exemplary or punitive damages, or any combination thereof. A court may also award the complainant all or a portion of the costs of litigation, including reasonable attorney fees and witness fees.
KRS 61.990(4).
Damages for mental anguish are not recoverable under the Whistleblower Act. Allowance of an award for mental anguish *600 was erroneous. The judgment is reversed as to the award of $ 201,000 for mental anguish.
(3) Whether trial court erred in awarding interest on the judgment against the University
The University failed to preserve the right to appeal on this issue and requests we review for palpable error to prevent a manifest injustice. We grant that request. The money at stake derives from the Commonwealth's taxpayers and we cannot allow them to become innocent victims of unforced error by a branch or agency of the government that serves them. That would be a manifest injustice.
Our Supreme Court recently repeated the "well-settled principle that neither a state nor public agency is liable for interest on public debts unless there is statutory authority or a contractual provision authorizing the payment of interest." Commonwealth, Justice and Public Safety Cabinet, Department of Kentucky State Police v. Gaither , 539 S.W.3d 667, 671 (Ky. 2018) (citations omitted). Interest is not among the remedies made available to Whistleblower Act claimants. KRS 61.990(4). Harper has directed this Court to no authority indicating that the University could be liable for post-judgment interest.
We reverse the judgment to the extent it awards post-judgment interest against the University.
(4) Whether trial court erred by awarding excessive attorneys' fees to Harper
The University again fails to comply with CR 76.12(4)(c)(v) ; we decline to search the record to determine "whether the issue was properly preserved for review and, if so, in what manner." CR 76.12(4)(c)(v) ; Elwell , 799 S.W.2d at 48.
However, we are convinced no manifest injustice will occur by failing to fully entertain the University's arguments. One argument is that the hourly rate charged by Harper's attorney exceeded local norms. That is a matter well within the trial court's discretion to determine, as is the award of attorney fees generally. The second argument is that the trial court did not adequately reduce the award of attorney fees to account for Harper's lack of success on several of her original claims - three were dismissed and one was decided by the jury in the University's favor. The judgment clearly reflects the trial court's consideration that Harper's attorneys were not totally successful in the litigation. (R. 972-73).
We find no manifest injustice in the award of attorney fees.
(5) Whether trial court erred by denying Harper's claim for front pay damages
Harper claims the trial court erred by denying her claim for front pay. " '[F]ront pay' is " 'money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement.' " Macglashan v. ABS Lincs KY, Inc. , 448 S.W.3d 792, 793 (Ky. 2014) (citation omitted). Harper cites Macglashan as support for her assertion that "Kentucky law ... clearly provides for the awarding of front pay to an employee aggrieved by a violation of KRS 61.102." (Appellee/cross-appellant's brief, pp. 26-27). We disagree. Harper misreads Macglashan and misreads the applicable statute.
Macglashan was not a case brought pursuant to the Whistleblower Act. It was brought pursuant to:
KRS 216B.165(1) [which] requires hospital employees to report circumstances in which "patient safety" or "quality of care" is "in jeopardy." KRS 216B.165(3) provides a kind of whistle-blower protection for health facility workers. It prohibits *601 a health care facility or service from retaliating against an employee who reports any deficiencies of the facility or service pursuant to KRS 216B.165(1). However, KRS Chapter 216B does not prescribe any specific civil remedies for the whistleblowing employee who suffers retaliation for making such a report. For remedies, one must look to the generic provisions of KRS 446.070 ....
Macglashan , 448 S.W.3d at 793 (emphasis added). Unlike the "kind of whistleblower protection for health facility workers" provided by KRS 216B.165(3), the actual Whistleblower Act, as noted above, does provide a remedy in KRS 61.990(4). Nowhere in KRS 61.990(4) is there mention of front pay as an available remedy. Harper is limited to the remedies provided in that statute and cannot search for more remedies in KRS 446.070.
The Court finds no error in the trial court's denial of front pay because there is no statutory authority for awarding it. Finding no error, we affirm as to Harper's cross-appeal.
(6) Other unresolved issues
We note there were other issues, not specifically identified by the Supreme Court, that this Court left unresolved when the case was first before us. We have reviewed the arguments of counsel and the record regarding those other issues for error and find none.
CONCLUSION
The Supreme Court has affirmed and reinstated the jury's verdict of liability against the University for violating the Whistleblower Act. On remand from that Court, we reverse the judgment to the extent it allowed damages for mental anguish and to the extent it awarded interest on the judgment. As to the remainder of the judgments in this case, we affirm.
ALL CONCUR.

Kentucky Revised Statutes (KRS) 61.102.

Kentucky Rules of Civil Procedure.

The Court identified the exclusive list of recoverable damages authorized by the legislature when it created the Whistleblower Act, stating: "KRS 61.103(2) provides that employees alleging a violation of KRS 61.102(1) or (2) may bring a civil action for appropriate injunctive relief or punitive damages or both. KRS 61.990(4) states that the Court "shall order, as it considers appropriate, reinstatement of the employee, the payment of back wages , full reinstatement of fringe benefits and seniority rights , exemplary or punitive damages , or any combination thereof." Vinson , 30 S.W.3d at 165 (emphasis added). "It is a primary rule of statutory construction that the enumeration of particular things excludes the idea of something else not mentioned." Fiscal Court of Jefferson County v. Brady , 885 S.W.2d 681, 685 (Ky. 1994) (quoting Smith v. Wedding , 303 S.W.2d 322, 323 (Ky. 1957) ). Damages for mental anguish is not among the remedies identified as recoverable in an action brought pursuant to the Whistleblower Act.