RENDERED:  JANUARY 15, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1427-MR

HIGHLAND HOSPITAL                                                      APPELLANTS
CORPORATION AND
CONSOLIDATED HEALTH
SYSTEMS, INC.


                    APPEAL FROM FLOYD CIRCUIT COURT
v.          HONORABLE JOHNNY RAY HARRIS, JUDGE
                         ACTION NO. 16-CI-00030


EULA LAWSON                                                              APPELLEE


                         OPINION AND
                         ORDER DISMISSING

                         ** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

COMBS, JUDGE: The Appellants, Highlands[1] Hospital Corporation and

Consolidated Health Systems, Inc., appeal from the denial of their motion for

summary judgment which was based upon their assertion of the defense of

---

[1] The body of the notice of appeal identifies this hospital as "Highland Hospital Corporation" while the caption reads "Highlands Hospital Corporation."

immunity under KRS[2] Chapter 342, the Kentucky Workers' Compensation Act (KWCA). After our review, we conclude that the trial court's order is a non-appealable interlocutory order because it did not resolve the issue of immunity. Therefore, we must dismiss this appeal.

Appellee, Eula Lawson (Lawson), worked as a licensed practical nurse (LPN), at Highlands Regional Medical Center, which, according to the complaint, is operated by Highlands Hospital Corporation and Consolidated Health Systems, the Appellants herein. In her brief, Lawson asserts that:

> Appellants . . . violated state law and acted so, as to effectively terminate Ms. Lawson. KRS 216B.165.[3] . . . Lawson worked for the hospital for over a decade before being forced to quit, after she repeatedly voiced patient care concerns that went unaddressed by management. As retaliation for making her patient care and safety concerns

---

[2] Kentucky Revised Statutes.

[3] *Macglashan v. ABS Lincs KY, Inc.*, 448 S.W.3d 792, 793 (Ky. 2014), explains that:

> Chapter 216B broadly covers the regulation of health care facilities and services in Kentucky. KRS 216B.165(1) requires hospital employees to report circumstances in which "patient safety" or "quality of care" is "in jeopardy." KRS 216B.165(3) provides a kind of whistle-blower protection for health facility workers. It prohibits a health care facility or service from retaliating against an employee who reports any deficiencies of the facility or service pursuant to KRS 216B.165(1). However, KRS Chapter 216B does not prescribe any specific civil remedies for the whistle-blowing employee who suffers retaliation for making such a report. For remedies, one must look to the generic provisions of KRS 446.070 which states: "A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation."

known, Lawson was retaliated against and given jobs that were too difficult for one LPN to perform alone, too many patients spaced physically too far apart in the hospital, and even asked to violate nursing practice standards. The retaliation was focused on forcing her to do physically challenging tasks because Highlands was aware that she had some physical issues that caused her pain.

(References to record omitted.)

On July 30, 2019, Appellants filed their third motion for summary judgment that is the subject of this appeal. In their supporting memorandum, Appellants argued that:

As all of [Lawson's] damages actually stem from work-related injuries, the Kentucky Workers' Compensation Act provides Lawson an exclusive remedy for her damages, and Highlands is immune from liability as a matter of law.

Appellants explained that although they previously had sought summary judgment,[4] that motion was filed before Lawson's deposition "in which she testified that she was physically injured as a result of what she described as a retaliatory workload. Based on that testimony Highlands now moves the Court for a summary judgment pursuant to the exclusive remedy found in KRS

---

[4] Appellants initially filed a motion for partial summary judgment and argued that Lawson's constructive discharge claim should be stricken because she voluntarily resigned by letter dated January 26, 2015, in which she stated that she was resigning because of left-foot pain. By order entered on September 11, 2017, the trial court denied that motion. Appellants filed a renewed motion for partial summary judgment on Lawson's claim that she was terminated or constructively discharged, arguing that Social Security records established that she voluntarily resigned because she could no longer work due to chronic pain. By order entered April 11, 2018, the trial court denied the renewed motion for partial summary judgment.

342.690(1).[5]"  Appellants argued that "because Lawson suffered physical injuries from the increased workload, she is prohibited from recovering under KRS 216B.165 for alleged retaliation."  Appellants also argued that Lawson could not prevail on a claim for punitive damages under KRS 216B.165.

In her Response, Lawson asserted as follows:

> While Defendant might prefer defending against a workers' compensation claim, that is not what this action is, and no amount of arguing by the Defendant can change a whistleblower and retaliation claim under KRS 216B.165(3) into some other type of case.

Lawson asserted that Appellants "retaliated against a whistleblower and must be found liable for that wrongful action, regardless of whether that whistleblower was partially disabled when the retaliation incepted or not."  Lawson explained that she:

> testified in her deposition that she had worked for years with foot pain and continued to work after she left Highlands.  She did not file a worker's compensation claim and did not assert in her complaint that she was suing the Defendant for a work related injury.

Lawson contended that "[g]enuine issues of material fact exist with regard to [her] injuries, the mechanism of injury, the impact and effect of the

---

[5]KRS 342.690(1) provides in relevant part:  "If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee . . . entitled to recover damages from such employer at law or in admiralty on account of such injury or death."

retaliatory actions by Defendant, the constructive discharge, and the attempt by Defendant to force a nurse to risk patient care or lose her job."

The motion was heard on August 27, 2019. At the close of the hearing, the trial court denied Appellants' motion, explaining as follows:

> I read your brief and I was almost convinced, but I still don't think the additional duties put forth -- what Mr. what -- the way the Complaint was pled, the additional duties that were retaliatory there's a question of fact as to whether or not those additional duties caused an injury which would be in retaliation. In the light most favorable to the Plaintiff, I'm going to overrule it.

On September 16, 2019, the trial court entered its written order denying the motion for summary judgment, providing as follows:

> Defendants Highlands Hospital Corporation and Consolidated Health Systems, Inc. (collectively "the Defendants") having moved this Court to grant it a summary judgment on all claims asserted against them in this matter based on immunity pursuant to KRS 342.640(1), the Court having heard and considered the arguments of the Parties, and having been otherwise well and fully advised,
> IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment is **DENIED**.

(Emphasis original.)

Appellants have appealed from this order. They argue that Lawson's claims are barred by the exclusivity provision of the KWCA; that KRS 216B.165 and KRS 446.070 do not provide Lawson an escape from KWCA exclusivity; and that there is no exception in the KWCA for the claims asserted in this action.

-5-

Appellants' arguments and their various subparts all pertain to immunity.[6] But, the trial court did not make a ruling on the issue of immunity.

In *Chen v. Lowe*, 521 S.W.3d 587 (Ky. App. 2017), Chen filed a motion to dismiss on grounds of immunity under CR[7] 12.02. That motion on the pleadings was converted into a motion for summary judgment because the circuit court had considered matters outside the pleadings. The circuit court denied Chen's motion because it found that there were disputed issues of material fact regarding Chen's entitlement to qualified immunity. On appeal, this Court explained that:

> It is a well-settled principle that an order denying a dispositive motion is interlocutory and therefore generally not appealable. *Gooden v. Gresham*, 6 Ky.Op. 560 (Ky. 1873); *Parton v. Robinson*, 574 S.W.2d 679, 684 (Ky. App. 1978); *Druen v. Miller*, 357 S.W.3d 547, 549 (Ky. App. 2011). "The Court of Appeals has jurisdiction to review interlocutory orders of the Circuit Court in civil cases, but only as authorized by rules promulgated by the Supreme Court." KRS 22A.020(2). One such instance in which we have jurisdiction to consider an interlocutory order is "an order denying a substantial claim of absolute immunity . . . even in the absence of a final judgment." *Breathitt Cty. Bd. of Educ. v. Prater*, 292 S.W.3d 883, 887 (Ky. 2009). Therefore, if we were to determine that the circuit court actually denied [appellant's] claim of immunity, we would have jurisdiction to hear his appeal. It is under this theory that [appellant] has brought this appeal.

---

[6] We note that Appellants are both named in the notice of appeal and that their brief is captioned, "Brief of Appellants." However, in the brief itself, Appellants also refer to the hospital simply as "Highlands." For example, at pages 13 and 22, Appellants assert that "Highlands is entitled to a summary judgment of no liability in this action."

[7] Kentucky Rules of Civil Procedure.

In denying [the] motion to dismiss, however, the circuit court did not make a final ruling on the issue of qualified immunity. Rather, the court found that there were disputed issues of material fact regarding [appellant's] entitlement to qualified immunity. Therefore, the issue of [appellant's] immunity remains unresolved, and the order denying his motion to dismiss is not immediately appealable.

*Id.* at 590 (footnote and citations omitted).

In the case before us, the trial court did not make a ruling on the issue of immunity under the KWCA, an issue which remains unresolved. Accordingly, the trial court's order denying Appellants' motion for summary judgment is not immediately appealable, and we are without jurisdiction to review it. We are compelled to dismiss.

This appeal is DISMISSED, and we so ORDER.

ALL CONCUR.

ENTERED:  Jan. 15, 2021

COURT OF APPEALS JUDGE

BRIEF FOR APPELLANTS:          BRIEF FOR APPELLEE:

Jacinta F. Porter            Earl M. McGuire
Lexington, Kentucky          Prestonsburg, Kentucky

C. Laurence Woods, III
Louisville, Kentucky