RENDERED:  FEBRUARY 10, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0802-WC

SPENCER COUNTY FISCAL COURT              APPELLANT

|   |   |
|---|---|
| v. | PETITION FOR REVIEW OF A DECISION OF THE WORKERS' COMPENSATION BOARD ACTION NO. WC-20-90644 |

GARY DAY; HONORABLE
JONATHAN WEATHERBY,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                    APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  EASTON, JONES, AND LAMBERT, JUDGES.

EASTON, JUDGE:  Spencer County Fiscal Court ("Spencer County") petitions

this Court to review the opinion and order dismissing entered by the Workers'

Compensation Board ("Board") on June 8, 2022.  The Board determined the appeal

to the Board was interlocutory.  We agree and affirm.

Gary Day ("Day") was an employee of Spencer County on December 16, 2019. Day claims he was injured on that day in the course of his employment when an ambulance tire fell on him. The injuries claimed relate to Day's shoulders. Spencer County presented evidence of prior shoulder issues to challenge causation. With substantial evidence presented by both sides, the Administrative Law Judge ("ALJ") awarded temporary total disability ("TTD") benefits. The ALJ determined maximum medical improvement ("MMI") had not yet occurred. The ALJ entered the interlocutory opinion and order on March 16, 2022. The ALJ denied two petitions for reconsideration before the Board entered its opinion and order dismissing.

With limited and specifically authorized exceptions, this Court may not review interlocutory orders. *See Druen v. Miller*, 357 S.W.3d 547 (Ky. App. 2011). In the specific context of Workers' Compensation, 803 KAR[1] 25:010 § 22(2)(b) defines final decisions subject to an appeal with reference to CR[2] 54.02. If a decision resolves only some of the claims pending, finality may only be given to such a decision if the decision recites finality language specified in CR 54.02(1). The decision at issue does not recite this language.

---

[1] Kentucky Administrative Regulations.

[2] Kentucky Rules of Civil Procedure.

The Board correctly applied the law. Absent application of CR 54.02, an order of an ALJ is appealable if it terminates the action, decides all matters subject to litigation by the parties in the case, or otherwise operates to determine all the rights of the parties thus divesting the ALJ of jurisdiction. *Tube Turns Division v. Logsdon*, 677 S.W.2d 897 (Ky. App. 1984). The decision questioned by Spencer County here is interlocutory and not presently appealable.

The Court recognizes Spencer County's argument for an exception to be applied to allow an appeal at this time. Spencer County suggests such a lack of a basis for the ALJ's actions that review is needed now, despite the otherwise interlocutory nature of the ALJ's order. For example, Spencer County offers the collateral order doctrine. But the collateral order doctrine does not apply in the circumstances presented by this case, and the Kentucky Supreme Court has recently further restricted the application of that doctrine in Workers' Compensation cases. *See Sheets v. Ford Motor Company*, 626 S.W.3d 594 (Ky. 2021).

If changes should be made to allow an appeal of an ALJ's decision like the one in this case, that is a matter for legislative or executive branch action. This Court should not act to create such policies. Rather, this Court must act within the confines of its jurisdiction as established by law.

-3-

The Appellees seek an award of attorney's fees because they contend this appeal is frivolous. We are granted discretion to award such fees as a sanction. RAP[3] 11(B) (formerly CR 73.02(4)). To do so, we must find the appeal "so totally lacking in merit that it appears to have been taken in bad faith."[4]

We decline to award the requested fees in this case. Spencer County has raised concerns about the substantial monetary impact of interlocutory decisions in Workers' Compensation cases. While this Court may not disregard the law or alter the law within the province of the other branches of state government, we cannot say the request to apply an exception to permit an appeal of the interlocutory order in this situation was totally lacking in merit. The appeal may be seen as a good faith argument for modification or reversal of existing law.[5]

The opinion and order dismissing of the Workers' Compensation Board is AFFIRMED.

ALL CONCUR.

---

[3] Kentucky Rules of Appellate Procedure.

[4] RAP 11(B).

[5] RAP 11(A)(1).

BRIEFS FOR APPELLANT:

Christopher M. Mayer
Thomas L. Ferreri
Louisville, Kentucky

BRIEF FOR APPELLEE GARY
DAY:

Timothy J. Wilson
Lexington, Kentucky